Campbell, J.
In the fall of 1851, the plaintiff, and the defendants, Christie and Danvers, entered into a copartnership, for a term of years, for the purpose of the manufacture of machinery, forging, &c. The capital stock was to be eleven thousand dollars, of which the plaintiff agreed to contribute three thousand dollars, the defendant Danvers, six thousand dollars, and the defendant Christie, two thousand dollars. Previous to the final consummation of the arrangement for this *670 copartnership, the defendant, Danvers, had purchased eight lots of land, on 52d and 53d streets, in this city, and which were afterwards selected as the place where the business of the copartnership should be carried on. Two of these lots were conveyed to the plaintiff, two other lots to defendant Christie, and Danvers held the title to the remaining four lots. The whole capital was never paid in ; but only portions, by each of the partners. A part of the capital paid in, was applied in part payment of the real estate, and the remainder used in the purchase of tools, and other necessary articles, and also in the erection of suitable buildings, for the carrying. on of the business. A blacksmith’s shop was put up on the lots held by Danvers, and also a building for a forge, on the same lot, com-menced ; and a well was dug on the lots held by Christie.
For reasons not necessary now to consider, and in relation to which, the parties differ, the enterprise was never carried out, and the copartnership was finally dissolved by mutual consent and stipulation. By the same instrument, however, by which the dissolution was effected, the parties to- the original copartnership, together with the defendant Glass, agreed to form a joint stock association, apparently with the intention of incorporating themselves under the provisions of the act of 1848. It would seem from the memorandum of this agreement, that it was intended that the property of the copartnership should be put into the new association at a valuation. Biit this memorandum contains no name for the new association, fixes no capital, and no time for its continuance, and so far as the defendant Glass,- is concerned, contains no agreement on his part to contribute anything. The instrument is so vague and uncertain, that I am unwilling to consider it as of any effect on this motion, except as to the positive agreement which it contains for a dissolution of the original copartnership. The defendant Danvers, in his answer, alleges, that there are debts due by the copartnership to a considerable amount, and both he and the plaintiff claim compensation for labor and personal services performed for the copartnership.
Under these circumstances, I think, the motion for a receiver should be granted, and the injunction should be continued. An order may be entered referring it to John L. Mason, to take *671 and state the account between the partners, and to ascertain what debts, if any, are due, and to appoint a receiver of all the copartnership property, including the eight lots, with power to sell the same, and convert it into money, and to pay the debts which shall be found due, and to bring the balance of the money into court to abide the further order of the court.