(10 Misc. Rep. 428.)

### DAWSON v. PARSONS et al.

(Supreme Court, Special Term, Albany County. November 15, 1894.)

1. PARTNERSHIP—ASSETS—REAL ESTATE.
    Land bought in the names of members of a firm will be deemed partnership property where it appears that the purchase money was charged in books as a disbursement by the firm; and that the firm occupied the land and paid the taxes, insurance, and all other expenses

2. DOWER—LAND OWNED BY FIRM.
    A wife has no inchoate right of dower in land owned by a partnership of which her husband is a member.

Action by Annie I. Dawson, as trustee, etc., against John D. Parsons and others, for the appointment of a receiver, and for an accounting, settlement, and distribution of the assets of a partnership. The real and personal property was sold by the receiver by order of the court. The receiver moves that a purchaser of the real estate be compelled to complete his purchase. Granted.

For former report, see 26 N. Y. Supp. 327.

J. Newton Fiero, for the receiver.
John A. Delehanty, for the purchaser.

HERRICK, J. This is a motion to compel the purchaser of certain real estate sold at receiver's sale to complete his purchase. His objection to so doing is the fact that the wife of the defendant John D. Parsons refuses to sign the deed of such real estate. The purchaser's contention is that the share of John D. Parsons in such real estate is subject to the inchoate right of dower of his wife, and that, until she releases her right, the title offered to him is not perfect. Heretofore there existed in the city of Albany a copartnership doing business under the firm name of Weed, Parsons & Co. Said copartnership consisted of John D. Parsons, Thurlow Weed, George Dawson, and Philip Ten Eyck. After several transfers, the interest of Thurlow Weed finally became vested

in the remaining members of the firm. By the death of Philip Ten Eyck and George Dawson, John D. Parsons became the surviving member of such firm, and for a number of years remained in possession of the firm assets and property, carrying on the business as it had been formerly carried on by said copartnership. This action was instituted against the defendants by the owners of the Dawson interest for a receiver of said copartnership business and property, and for an accounting and settlement, and distribution of the assets to the parties entitled thereto. Upon the proceedings had before me it appeared that the indebtedness of the business conducted by the defendant John D. Parsons amounted to many thousands of dollars. The business of the copartnership was carried on in and upon real estate, the record title of which appears to have been in the names of George Dawson, John D. Parsons, and Philip Ten Eyck. The receiver, after conducting the business for some months, finally, by order of the court, made by the consent and at the suggestion of all parties to the litigation, sold at public auction, to the highest bidder, both the personal and real property that had been used in transacting said copartnership business. The real estate was struck off to James H. Manning, he being the highest bidder therefor. In the moving papers used before me upon this motion, and which are uncontradicted, it appears that the real estate in question was used and occupied, and had been for many years, by the said firm of Weed, Parsons, & Co., and that its business was there conducted. An examination of the books and of the copartnership accounts show that there is charged to the copartnership account, under the head of "Columbia Street Property" (said property in question being located upon Columbia street), the sum of $197,000; that, when purchases were made by them of parcels of real estate which formed a part of the Columbia street property, the moneys paid for such real estate were charged against said property on the books of the firm as disbursements, constituting a part of the said $197,000, and entered as copartnership disbursements; that in accounts under the head of "Rents and Taxes" the amount of taxes paid upon said property for a long period of years appear charged against such property; and that the rents received from such portions of such real estate as were not occupied by said firm were credited to the firm, and deducted from the whole amount charged against said property, leaving the balance charged thereto the sum of $197,000. It also appeared before me that such real estate was heavily mortgaged, and the papers used upon this motion show that the interest upon such mortgages was paid by said copartnership; that the insurance upon said property was in the name of Weed, Parsons & Co.; that the buildings thereon were at one time destroyed, or partially destroyed, by fire, and the amount of insurance thereon was paid to and entered upon the books of Weed, Parsons & Co.; that, among the papers of said firm coming into possession of the receiver, were some called "Statements," showing the condition of the Weed-Parsons printing establishment, and in such statements the "Columbia Street

Property," so called, is mentioned under the head of "Assets." From this statement it will be seen that the real estate in question, while recorded in the individual names of three members of the firm, was purchased by moneys of the copartnership, and was charged to the copartnership upon its books; that it was occupied by said copartnership for the purpose of carrying on its business; that the copartnership paid the expenses of maintaining it, kept it insured, and paid all expenses thereon, entered it as part of the copartnership assets, and, in short, in every way treated it and considered it as copartnership property. I think, therefore, that the real estate in question was copartnership property; that the wife of the defendant has no interest except in the proceeds thereof after all debts are paid, and the interests of the several copartners are adjusted and settled. Such, it seems to me, is the law of this state.

In so far as the case of Smith v. Jackson, 2 Edw. Ch. 34, holds that "lands can only become partnership property by some express agreement between the partners, and not merely by purchasing with joint funds and taking title in their joint names," I think it has long ceased to be authority in this state. The fact that it is purchased with partnership funds and used for partnership purposes, and treated by the members of the copartnership as copartnership property, together with "the manner in which the accounts are kept, whether the purchase money was severally charged to the members of the firm, or whether the accounts treat it the same as other firm property, as to purchase money, income, expenses, etc., are controlling circumstances in determining such intention, and from these circumstances an agreement may be inferred." Fairchild v. Fairchild, 64 N. Y. 471–477; Collumb v. Read, 24 N. Y. 505. And, in so far as the case of Smith v. Jackson holds that dower attaches to such real estate, it is only correct in a modified sense. So long as the partnership exists, the real estate owned by it is in equity considered personal property, subject to firm debts, and to the interests of each partner in the firm; and it is only after the partnership ceases to exist, the copartnership debts have been paid, and the individual interests of the copartners adjusted and settled, as between themselves, that the real estate or the proceeds thereof are treated or considered as real estate to which dower can attach. This doctrine, I think, is too well established by authority in this state to require any discussion of the several cases. See Buchan v. Sumner, 2 Barb. Ch. 167; Williams v. Walker, 2 Sanf. Ch. 366; Buckley v. Buckley, 11 Barb. 43, 49; Smith v. Danvers, 5 Sanf. 669; Chester v. Dickerson, 52 Barb. 349; Everett v. Schepmoes, 6 Hun, 479; Garrett v. Scheffer, 47 N. Y. 656; Hiscock v. Phelps, 49 N. Y. 103. "The estate of inheritance of the husband, in which alone she [the widow] could claim dower, would be what remained after satisfying the partnership debts. I speak in reference to lands acquired with partnership funds." Sage v. Sherman, 2 N. Y. 432, approved in Greenwood v. Marvin, 111 N. Y. 423–436, 19 N. E. 228, where it was expressly held "that real estate purchased by the partnership firm, for partnership purposes, with partnership funds, is regarded in

equity, so far as the firm and its creditors are concerned, as personal property. Widows are not dowable therein." And, again: "After the dissolution of a firm, and the claims of its creditors are discharged, and the equities of the respective partners in its assets are determined and satisfied, such property loses its character of personal property; but so long as the partnership affairs remain unsettled, like all other assets of the firm, its real estate is equitably pledged to creditors, and liable to be absorbed and disposed of in the process of liquidating the firm debts and satisfying the claims of the respective partners as against each other." Again (page 438, 111 N. Y., and page 228, 19 N. E.): "Such property, until discharged from the trust under which it is held as partnership property, cannot be regarded as real estate for any purpose."

In settling copartnership affairs it frequently happens that the business and personal property are both so connected with the real estate that each lends value to the other, and to sell one and keep the other would largely impair the commercial value of both, and for that reason it becomes necessary to sell both. Such was the case in this proceeding. In this case, for the purpose of closing up the copartnership, paying its debts, and settling the several interests of the partners, it became necessary to appoint a receiver. Such receivership necessarily extended to all the copartnership property, both real and personal. For the purpose of making the most of the assets of such copartnership for the benefit of the creditors, and representatives of the several partnership interests, it became a business necessity to sell and dispose of all the partnership assets. Such sales cannot be made in any case, unless a clear title can be conveyed. And it will not do to wait for an adjustment of all the claims of the creditors, and a settlement of the several interests of the copartners, and then attempt to sell the property. Such a proceeding would be destructive to the interests of all. The sale must ordinarily be made first, and the claims and interests paid out of the proceeds. The authorities heretofore cited hold that it is not real estate, in equity, so long as it is copartnership property; and it remains copartnership property so long as the debts of the copartnership are unpaid, and so long as the remainder is not apportioned among the partners according to their respective interests. At the time of the sale, therefore, of this real estate by the receiver, it was not, in equity, real estate to which the right of dower would attach. Mrs. Parsons had no inchoate interest in it as such. She had nothing to release. Any rights that she may have as the wife of John D. Parsons cannot attach until a settlement of all the partnership affairs; and if, for the purpose of such settlement, it has become necessary to sell the realty, her right attaches, not to the property so sold, but to the proceeds thereof after the payment of all claims, both of the creditors and of the several copartners. For these reasons I think the objections of the purchaser must be overruled, and an order entered directing him to complete his purchase according to the terms thereof.