MARY E. RIDDELL, Appellant, *v.* LE ROY RIDDELL, Respondent, Impleaded, etc.

*Real estate of a co-partnership — judge's charge to the jury in an action for dower, as to the effect of a release thereof.*

So long as the affairs of a co-partnership remain unsettled, its real estate, like all other assets of the firm, is equitably pledged to the payment of the claims of its creditors and liable to be absorbed and disposed of in the process of liquidating the firm debts, and in satisfying the claims of the respective partners as against each other.

Widows are not dowable in real estate so situated.

In an action of ejectment brought by a widow to recover her dower in the real estate left by her husband, the defendant offered in evidence a deed purporting to have been executed and acknowledged by the plaintiff, whereby the plaintiff released her dower right in the premises in question. The plaintiff admitted that the signature to the deed was hers, but denied that she had ever acknowledged or delivered the same.

The court, in submitting to the jury the question as to whether the plaintiff had executed, acknowledged and delivered the deed in question, charged that it was immaterial for the purposes of the action whether the plaintiff understood the import of the deed or not, the action not being based upon any theory of fraud or deceit in procuring the deed, but being a strict legal action to enforce the plaintiff's legal rights, and that if she signed the deed, she could not in such an action escape the consequences on the ground that she did not know its contents.

*Held,* that, as there was neither allegation nor proof upon which the plaintiff could avoid the deed, if it had been in fact executed by her, the instruction was correct.

APPEAL by the plaintiff, Mary E. Riddell, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Steuben on the 26th day of March, 1894, upon the verdict of a jury rendered after a trial at the Steuben Cir-

cuit dismissing the plaintiff's complaint upon the merits, and also from an order entered in said clerk's office on the 26th day of March, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*Eli Soule,* for the appellant.

*DeMerville Page,* for the respondent.

DWIGHT, P. J.:

The action was ejectment for dower in seven distinct parcels of land of which the complaint alleged that George Riddell, the husband of the plaintiff, died seized.

In respect to three of the parcels the answer averred that they were partnership property bought by and held for the partnership uses of the firm of George Riddell & Co., which firm consisted of the deceased, George Riddell, and the defendant Le Roy Riddell; that the business and affairs of the co-partnership had never been settled and that it was still indebted to divers persons to a large amount. These facts were established by uncontradicted evidence, and the court thereupon dismissed the complaint as to the three parcels of land so situated.

This disposition was undoubtedly correct. (*Fairchild* v. *Fairchild,* 64 N. Y. 471; *Greenwood* v. *Marvin,* 111 id. 423.) "So long as the partnership affairs remain unsettled, like all other assets of the firm, its real estate is equitably pledged to creditors and liable to be absorbed and disposed of in the process of liquidating the firm debts and satisfying the claims of the respective partners as against each other." (Per RUGER, Ch. J., in the case last cited.) Widows are not dowable in real estate so situated. (*Sage* v. *Sherman,* 2 N. Y. 417.)

Some of the evidence in support of the above-mentioned averments of the answer was objected to by the plaintiff, but they were sufficiently supported by other evidence of unquestioned competency and equally uncontradicted.

In respect to the remaining four parcels of land involved in the action the defense was made that the plaintiff had released her dower therein to the defendant by her deed duly executed, acknowledged and delivered to him during the lifetime of her husband. In

support of this defense the defendant produced a deed bearing what purported to be the signature of the plaintiff and a certificate of her acknowledgment in due form, signed by a justice of the peace of the county. The defendant testified that on the date of the deed and its acknowledgment it was executed, acknowledged and delivered to him by the plaintiff. The plaintiff was at first disposed to deny that she had executed such a deed, but, upon being shown the signature, virtually admitted that it was hers, and still denied that she ever acknowledged the deed or delivered it to the defendant. Upon this conflict of evidence — if it was such — the court submitted to the jury the single question whether the plaintiff executed, acknowledged and delivered to the defendant the deed in question; and, in doing so, remarked to the jury, in substance, that it was immaterial, for the purposes of this action, whether the plaintiff understood the import of the deed or not; that the action was not based upon any theory of fraud or deceit in procuring the deed; that there was no allegation of fraud or deceit in the case; that the action was a strict legal action to enforce the plaintiff's legal rights, and that if she signed this deed she cannot escape the consequences, in this action, on the ground that she did not know its contents. To the charge, including this instruction, there was but a single exception, which presents the only remaining question in the case. The exception was " to the charge that it made no difference whether the plaintiff knew it was a deed."

The instruction as given was, manifestly, correct. There was neither allegation nor proof upon which the plaintiff could avoid the deed if it was in fact executed by her. Neither was there any offer of proof or request to charge which propounded such a cause of action on the part of the plaintiff. The only question put to the plaintiff which even remotely suggested such a proposition was when she had virtually admitted her signature, she was asked : " If you ever did sign this deed did you know what you were signing ? " The question was objected to and, the objection being sustained, no exception was taken to the ruling. There was, in short, neither allegation, proof, nor offer of proof which tended to support the contention made on this appeal — and apparently on the motion for a new trial — that the deed of the plaintiff might be avoided for fraud or any other cause if actually executed and delivered by her.

We find no exception in the case which points to error in the trial or disposition of the case, and conclude that the judgment and order appealed from must be affirmed.

LEWIS and BRADLEY, JJ., concurred.

Judgment and order affirmed.