(91 App. Div. 197.)

## HAUPTMANN v. HAUPTMANN et al.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. APPEAL—REVIEW—OBJECTIONS BY APPELLEE.

Where, in an action to set aside a separation agreement between a husband and wife, together with certain deeds of real estate executed as a part of such agreement, the trial court held that such real estate belonged to a firm of which plaintiff's husband was a member, and plaintiff did not appeal from such decision, she could not contend, on defendant's appeal, that some of the property did not belong to the firm.

2. PARTNERSHIP ASSETS—CHARACTER OF PROPERTY.

Real estate belonging to a partnership retains its character as realty, except so far as it is necessary to treat it as personalty, for the purpose of applying it to the payment of partnership debts and debts due from one partner to the other.

3. DOWER—PARTNERSHIP PROPERTY.

The wife of a member of a firm has no right of dower, either inchoate or absolute, in real estate belonging to the firm, during the continuance of the copartnership, nor after its dissolution, while the firm creditors remain unpaid, and the equities of the partners are unadjusted.

4. COSTS—EXTRA ALLOWANCE.

Where, in an action by the wife of a member of a firm to set aside a separation agreement, and certain deeds to firm real estate executed in performance thereof, the wife, though entitled to such relief, was not entitled to a dower interest in the land, she was not entitled to an extra allowance of costs; there being nothing of value in the litigation to which she was entitled on which to base such allowance.

Appeal from Special Term, New York County.

Action by Johanna Hauptmann against William Hauptmann and others. From a judgment in favor of plaintiff, defendants appeal. Modified.

See 68 N. Y. Supp. 1139.

This action is brought to set aside a separation agreement made between the plaintiff and her husband, the defendant William Hauptmann, by the terms of which they agreed to live apart. At the time of the execution of the separation agreement, Thomas Brady and wife and the defendant William Hauptmann and wife executed and delivered to the defendant John Bottomley five parcels of real estate, which upon the trial it was conceded were bought with partnership moneys, and belonged to the firm of Brady & Hauptmann. The next day John Bottomley and wife conveyed to said Thomas Brady an undivided one-half interest in the said five parcels of property. It is conceded that Bottomley paid no consideration, and the conveyance to him by the copartners and their wives was made so that the firm real estate could be deeded free from any objections or obstructions on the part of the plaintiff, and that he took the title as an accommodation to the firm, and was to hold it until the firm could sell it for the copartnership account, and that these conveyances were made in accordance with the separation agreement which had been entered into between the plaintiff and her husband. Upon the trial it was further conceded that the separation agreement was invalid, and with the fall of that instrument the deed to Bottomley necessarily fell. The Special Term decided that the real estate involved was copartnership property, and that the plaintiff was entitled to an inchoate right of dower therein, subject to the primary claims growing out of the copartnership relations; and it is from this latter part of the decision, and the order granting the extra allowance, that certain of the defendants appeal.

¶ 3. See Dower, vol. 17, Cent. Dig. §§ 62, 76.

Argued before VAN BRUNT, P. J., and McLAUGHLIN,
O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William J. Leitch, for appellants.
Michael Schaap, for respondent.

O'BRIEN, J.   It was decided by the learned judge at Special Term
that the several parcels of land involved in this action were copartner-
ship property.   As the plaintiff did not appeal from this decision, she
cannot contend in this court that some of the property was not partner-
ship property.   The relief which she obtained was upon an adjudication
that it was all partnership property.   The judge correctly said in his
opinion that:

"Partnership real estate retains its character as realty, with all the inci-
dents of that species of property, except that each share is impressed with a
trust, implied by law in favor of the other partner, that, so far as is necessary,
it shall be first applied to the adjustment of partnership debts, and the pay-
ment of what may be found due from one partner to the other.   To that extent
only is the character of the property deemed to be changed into personalty.
Darrow v. Calkins, 154 N. Y. 503, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep.
637."

Hence the learned judge concludes that plaintiff is entitled to "an
inchoate right of dower in the property in question, subject only to
the primary claims growing out of the partnership relation."   This
legal conclusion we do not regard as sound.   The learned judge over-
looked the facts here shown to exist, viz., that prior to the 31st of July,
1901, when the agreement between plaintiff and her husband was made,
and down to the time of the trial, the partnership affairs had not been
settled, the partnership was still existing, and there were claims of
creditors to be paid out of the partnership assets.   The decisions are
uniform in holding that a partner's interest in the firm realty stands
upon the same footing with his interest in the personalty, and is simply
the right in what may remain after adjusting the partnership affairs.
There seems to be a uniform line of decisions and text-writers in favor
of the proposition that there is no right of dower, inchoate or absolute,
in the copartnership real estate, during the continuance of the copart-
nership, nor after its dissolution, while the firm creditors remain unpaid,
and the equities of the partners unadjusted.   Delmonico v. Guillaume,
2 Sandf. Ch. 366; Coster v. Clarke, 3 Ed. Ch. 428, at page 438; Sage
v. Sherman, 2 N. Y. 417; Riddell v. Riddell, 85 Hun, 482, 33 N. Y.
Supp. 99; Dawson v. Parsons, 10 Misc. Rep. 428, 31 N. Y. Supp. 78;
Kerr on Real Property, vol. 2, p. 785, § 952, and page 824, § 986; Scrib-
ner on Dower (2d Ed.) vol. 1, p. 575, § 21; 1 Bates on Part. pp. 285,
286, § 290; Parsons on Partnership (4th Ed.) p. 359, and page 362
(note).  ·

The Special Term, therefore, went too far, in adjudging that plaintiff
was entitled to an inchoate right of dower in this partnership property.
Whether she will or will not have any dower right in any of this prop-
erty will depend on whether or not, at the dissolution of the copartner-
ship, and after the payment of the partnership debts, her husband has
any interest left in the real estate; and to that extent, and to that extent
only, she will have a dower interest in these lands.   In setting aside,

therefore, the agreement of separation and the deed to Bottomley, as null and void, the Special Term gave to plaintiff all the relief to which she was entitled, because it placed her in the same position she was in when these instruments were executed by her, and will leave her ultimate rights in the real estate to be determined by the final outcome of the copartnership dealings.

We think, too, that the granting of an extra allowance was error, because there was no basis for it. The subject-matter of the action, as bearing upon the question of an extra allowance, was the value of plaintiff's dower right. An allowance can only be granted where the subject-matter of the action has a value, and such value is shown. Heilman v. Lazarus, 90 N. Y. 674; Conaughty v. Saratoga County Bank, 92 N. Y. 406. As the value of the dower interest could not at the time of the trial be determined, because the property was subject to unascertained claims against the partnership, there was not, as stated, any basis for the extra allowance.

The judgment should accordingly be modified by striking out the provisions awarding plaintiff an inchoate right of dower and an extra allowance, and, as so modified, it should be affirmed, with costs and disbursements of this appeal to the appellants. All concur.