### MARCUS S. LURIE *vs.* NATHAN PINANSKI.

Suffolk.    January 22, 1913. — June 17, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* Coming into court with clean hands, Accounting between partners, Constructive trust. *Partnership.*

In a suit by a member of a partnership, consisting of the plaintiff, the defendant and a third person, for an accounting by the defendant for an option taken by the defendant in his own name for an extension of a lease held by the partnership, which option the defendant sold, appropriating the proceeds to his own use, where it appears that the option was acquired by the defendant as partnership property and thus was impressed with a trust in favor of the plaintiff and the third partner and also that the plaintiff furnished a part of the consideration for the purchase of the option, it is no defense to the plaintiff's right to an accounting, that before the defendant purchased the option for the renewal of the lease, the plaintiff attempted without success to get a lease of the premises for himself without the knowledge of his copartners, because the plaintiff's attempt to circumvent his copartners was not a part of the transaction for which the defendant is called to account and does not prevent the plaintiff, as to that transaction, from coming into court with clean hands.

MORTON, J.   This is a bill in equity for an accounting in respect of a partnership, consisting of the plaintiff, the defendant and one Silverman, in relation to certain leasehold interests.   The case was sent to a master who made a report in favor of the plaintiff.   A decree was entered* confirming the report and ordering the defendant to pay to the plaintiff the sum of $1,041.60, with costs of suit.   The defendant appealed.

The principal contention of the defendant is that the plaintiff is not entitled to relief because he himself at one time, according to the findings of the master, "asked the lessor," "without the knowledge or consent of the defendant or Silverman," "for a new lease of the Brooks' estate in his own name at an increased rent." In other words, the defendant contends that the plaintiff does not come into court with clean hands.   But, to quote from *Dering* v. *Winchelsea*, 1 Cox, 318, 319, though a man must come into equity with clean hands, "when this is said, it does not mean a general depravity; it must have an immediate and necessary relation to the equity sued for."   In the present case, there was no such immediate and necessary relation between what the plaintiff did or attempted to do and what the defendant did as to render the principle applicable.   If the plaintiff and the defendant had confederated together to have the defendant obtain a renewal of the lease in his own name without the knowledge of and to the exclusion of Silverman, with the agreement that any profits resulting therefrom should be divided between the plaintiff and the defendant, and the defendant for some reason had concluded to pay Silverman what would have been his share of the profits and had refused to pay the plaintiff and the plaintiff had brought a bill for an accounting, a case would have been presented for the application of the principle.   But the present is not such a case. What the plaintiff did was to attempt without success to get a lease for himself without the knowledge of his copartners.   And though his conduct shows a readiness on his part to circumvent his copartners if he could, that does not bring the case within the principle referred to.    See *Lawton* v. *Estes*, 167 Mass. 181; *Snow* v. *Blount*, 182 Mass. 489.

Amongst other things on which the defendant relies is the statute

---

* In the Superior Court by order of *Pierce*, J.   The master was William S. Dana, Esquire.

of frauds. It is manifest that that has nothing to do with the case. Besides it is not pleaded. The master having found that the plaintiff and defendant were partners, the defendant stood in a fiduciary relation to the plaintiff and could not clandestinely take (as the master has in effect found that he did take) a renewal of the lease for his own benefit. *Leach* v. *Leach,* 18 Pick. 68, 76. The option was clearly impressed with a trust in favor of the plaintiff. In addition to the trust arising out of the fiduciary relation created by the partnership, a part of the consideration for the option was furnished by the plaintiff under and pursuant to an understanding between the lessor and lessees, as the master has found that the lessees should have an extension of the lease. Under such circumstances, for the defendant to take the option in his own name and attempt to appropriate the profits thereof to his own use constituted not only a breach of trust but a fraud upon his copartners.

*Decree affirmed with costs.*

*E. Greenhood,* for the defendant.
*C. S. Hill,* for the plaintiff.