ABRAHAM DEUTSCHMAN *vs.* WILLIAM F. DWYER & others.

Suffolk.    January 14, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Partnership.  Equity Jurisdiction,* For an accounting between partners.

In a suit in equity for an accounting in accordance with an oral agreement between the plaintiff and the defendant for carrying on as equal copartners a cigar, tobacco and confectionery business for which the defendant was to procure from a city a lease or concession in a refectory building in a park, where the defendant had procured from the city such a lease or concession in his own name and contended that on the termination of the partnership he was entitled to it for his own benefit, but the trial judge found that the lease was procured for the use and benefit of the partnership to be held by the defendant as partnership property, it was *held,* that the plaintiff upon an accounting was entitled to share in the net value of the lease at the time of the termination of the partnership in excess of the rent reserved.

BILL IN EQUITY, filed in the Superior Court on October 8, 1914, for an accounting by the defendant Dwyer as a copartner of the plaintiff in the business of selling and dealing in cigars, tobacco and confectionery at the refectory building in Franklin Park in Boston.

In the Superior Court the case was heard by *Jenney,* J., who made the following findings of fact and an order for an interlocutory decree.

"The plaintiff and William F. Dwyer, hereinafter called the defendant,* agreed to enter into a partnership for carrying on the

---

* Originally the Edison Electric Illuminating Company of Boston and the Cosmopolitan Trust Company also were made defendants, but the bill was dismissed as to these defendants before the final decree.

refectory at Franklin Park. As a part of that agreement it was understood, and in fact expressly agreed, that the plaintiff should furnish the necessary capital for the business and that the defendant was to procure a concession, from the city of Boston, of the premises to be occupied. It was further agreed that the defendant was not to give his personal time to the business unless he so desired. The interest of the partners was to be equal so far as a division of the profits.

"I find that, pursuant to this agreement, the defendant did procure, from the city of Boston, the concession referred to, for the benefit of the business, and to be held by him for its use and benefit and as partnership property, and not as his individual property, and that the parties pursuant to the agreement entered upon its performance and procured personal property, including furniture, fixtures and merchandise to be used therein and as partnership property, and opened the business, believing and understanding that the business was to be carried on by them as partners and that the plaintiff was thereafter to perform his part of the agreement by the furnishing of sufficient capital for the business.

"I further find that the plaintiff did furnish some capital for the business, but do not deem it within the purview of the present hearing to determine how much capital he did furnish, or to determine how much he agreed to furnish or how much was reasonably required.

"I find as a fact that he did not furnish all the capital reasonably required for the business, and that the defendant was obliged to furnish capital himself, and did so furnish it. Notwithstanding the fact that the plaintiff did not comply with all the terms of the agreement, the defendant did not for that reason attempt to rescind the agreement or to cease transacting the business that had been commenced under the understanding and agreement hereinbefore referred to.

"I further find that the business was so carried on until early in the month of October last [1914].

"This finding is not intended to state the amounts of capital contributed by either partner, the value of services rendered, the amount that each partner was entitled to withdraw from the business, or any fact other than those specifically herein set forth.

"The case is to be referred to a master to determine the questions hereinbefore referred to as not covered by this finding; to determine any other questions necessary for final decision of the case, and for the purpose of an account."

The master, who was appointed under the interlocutory decree thus ordered, made the findings that are stated in the opinion.

The defendant's exceptions to the master's report, which are referred to in the opinion, were as follows:

"1. The defendant excepts to the master's ruling that the lease from the city of Boston to the defendant Dwyer was not his individual property and was not in the nature of a contribution to capital to revert to him on dissolution.

"2. The defendant Dwyer excepts to the master's ruling that the finding of the court . . . [described below] is final and conclusive as to the plaintiff's right to require the defendant Dwyer to account for the value of the lease after the date of dissolution.

"3. The defendant excepts to the master's ruling that the lease from the city of Boston to the defendant Dwyer is a proper element to be taken into consideration as one of the assets of the partnership on October 5, 1914.

"4. The defendant excepts to the master's ruling that the lease from the city of Boston to the defendant Dwyer is a proper element to be taken into consideration in determining the amount for which the plaintiff is entitled to an accounting."

The finding in the master's report referred to in the second exception quoted above was as follows:

"The defendant contends that this lease was his individual property, donated by him to the use of the partnership, so long as the firm existed, and was in the nature of a contribution to capital which reverted to him on the dissolution of the partnership. I rule to the contrary. The court has found in its memorandum of facts 'That pursuant to said agreement the defendant did procure, from the city of Boston, the concession referred to, for the benefit of said business, and to be held by him for its use and benefit and as partnership property and not as his individual property.' This finding is final and conclusive so far as the master is concerned."

The master found that, after making an allowance of $375 for the time from July 3 to October 5, the lease had a net value, over

and above the rent reserved, of $4,125, and that this should be added as an asset existing on October 5, 1914.

By order of *Wait,* J., a final decree was entered overruling the defendant's exceptions and ordering the defendant to pay to the plaintiff the sum of $2,761 with interest from October 5, 1914, and costs. The defendant appealed.

*F. W. Johnson,* for the defendant Dwyer.

*F. P. Garland,* (*J. Isaacs* with him,) for the plaintiff.

BRALEY, J. The admissions in the answer coupled with the evidence amply sustain the finding of the presiding judge that the parties entered into a parol agreement which constituted a partnership as alleged in the bill. *McMurtrie* v. *Guiler,* 183 Mass. 451.

It is plain from its terms that, unless the refectory building in Franklin Park where the business of the firm was to be carried on could be leased, the partnership had no reason for its existence. The very life of the enterprise was understood by each partner as dependent upon the procurement from the owner, the city of Boston, of a concession or lease. And the further finding, that the defendant through prudent negotiations obtained the lease for "the benefit of said business" and in accordance with the partnership agreement, being well supported by the evidence should stand. While it is true that the partnership was at will and that the lease taken in the defendant's own name is for a fixed term, the leasehold nevertheless was held by him not as his individual property but in trust for the benefit of himself and of the plaintiff. *Lurie* v. *Pinanski,* 215 Mass. 229, 231. *Holmes* v. *Darling,* 213 Mass. 303. See also *Arnold* v. *Maxwell, ante,* 47. To adopt the defendant's contention of sole ownership would be to violate the fiduciary character of the partnership relation. We find no revisible error at the trial of the merits or in the interlocutory decree referring the case to a master to state the account, although the decree should have contained a clause decreeing a dissolution of the firm.

The leasehold being an asset of the partnership, the plaintiff was entitled to participation in its value in excess of the rent reserved as found by the master, and the defendant's first, third and fourth exceptions are disposed of by what has been said. *Freeman* v. *Freeman,* 136 Mass. 260, 263.

The second exception, that the master incorrectly ruled that the findings of fact by the court "are final and conclusive" as to the plaintiff's right to require the defendant to account for the value of the lease after the date of dissolution, requires no comment, except that it has not been overlooked. *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426, 429.

The decree should be so modified as to include an order for dissolution, and when modified it is affirmed with costs. *Wiggins* v. *Brand,* 202 Mass. 141, 147.

*Ordered accordingly.*