[Civ. No. 5107. Second Appellate District, Division One.—February 9, 1928.]

ANNA G. LEFFINGWELL, Respondent, v. FRANK FAUBION, Appellant.

J. C. Craig and J. F. Seymour for Appellant.

Bradner W. Lee, Jr., and Kenyon F. Lee for Respondent.

WOOD (W. J.), J., *pro tem.*—A contract was entered into by plaintiff and defendant whereby plaintiff agreed to furnish pasturage for certain horses and mules of the defendant at the rate of $2.00 a head per month. Five colts were to be pastured at the rate of $1.00 a head per month. Some of the animals were turned into plaintiff's pasture on November 6, 1921, and others on November 17, 1921. By the terms of the agreement defendant was to remove his stock as soon as possible after the commencement of the rainy season. Plaintiff alleges that the stock was not removed until February 23, 1922. She asks judgment for $353.30 for pasturage and an additional sum of $500 claimed to be due on account of damages done to her premises by the presence of the stock during the rainy season. Defendant alleges that on December 21, 1921, he tendered to plaintiff the sum of $100 and offered to remove his stock. He claims that there was due at that time only the sum of $98.80. Defendant filed a cross-complaint, in which he claims that he has suffered damages in the sum of $777 occasioned by the conduct of plaintiff in not properly taking care of his stock. The trial court found that there was due plaintiff the sum of $342 for pasturage. The court found against plaintiff on her claim for alleged damages to her premises and against defendant on his claim for alleged damages to his stock. Defendant made a motion for a new trial, which was denied, and he now appeals from the judgment and from the order denying a new trial.

A sharp conflict is presented by the evidence on several points, the number of animals pastured, the amount due on December 21, 1921, the facts concerning the alleged tender of that date, and the date on which the stock was removed. On all these points the findings are in favor of plaintiff and are fully sustained by the evidence. Appellant states

in his brief: "It is for the court to determine whether the animals were pastured until February 23, 1922, or whether they were pastured until January 15, 1922, with the exceptions noted, and further, if there were 41 horses and 5 colts, as claimed by the plaintiff, or 36 horses and 5 colts, as claimed by the defendant; the only witness for the plaintiff as to the number of horses pastured, and the time of pasturage, was the plaintiff herself, while on the part of the defendant as to the number of horses pastured and the time of pasturage there was the testimony of the defendant and A. Frosseth, Leon D. Gates, Frank Goodall, and the stipulated testimony of Mr. Charlie Salisbury." The record discloses this testimony by plaintiff: "Q. How many horses, mules and colts altogether were on your pasture? A. 46. Q. And those are the defendant's horses that you have testified with respect to? A. Yes, sir. Q. How long did the 46 animals remain on your pasture land? A. Until about the 23d of February. Q. What year? A. 1922. Q. When were they removed, if at all? A. It was in the night of February 23rd." On the subject of the alleged tender plaintiff testified as follows: "Q. I will ask you then if it is not a matter of fact that some time later during that day that Mr. Salisbury returned to your home and offered you $100 in payment for the pasture? A. He came, but he didn't offer it to me, but he said this—he said, 'Frank won't come because somebody beat him up and he don't want to venture out, but he will pay you the first month on the 18 horses that were brought in there and then you can fight it out with Frank for the balance, but he will pay you because he has to pay you.' Now, he says, 'He can pay you that,' but he never offered me any money. I never saw any money and this man was never in the house that I know of in my life, I don't know that he was, if he was he didn't go there as a witness with Charley Salisbury. He stayed out in the road if he was there."

The trial court found that defendant did not tender the sum of $100 on December 21, 1921, as claimed; that the sum due at that time was more than $100; that defendant did not then demand possession of his stock. The findings having been made upon conflicting testimony and there being in the record ample evidence to sustain the findings, the action of the trial court cannot be disturbed. Ap-

pellant lays stress upon the fact that plaintiff's testimony is not corroborated, while that of the defendant is corroborated by several witnesses. ■ It is well settled that the testimony of one witness entitled to credit is sufficient to establish a fact in a civil case, even though it be contradicted by the testimony of a number of witnesses, and this notwithstanding the reputation of the sole witness was declared to be bad by several other witnesses. Manifestly the judge believed the testimony of the one witness in this case.

■ Defendant contends that the trial court erred in refusing to allow him to prove his instructions to the agent whom he sent to make the alleged tender. The court sustained an objection to this testimony, as also to testimony concerning the report to defendant by the agent, on the ground that it was hearsay and not binding on the plaintiff. The court did allow, however, testimony showing that the money taken by the agent to the premises of plaintiff was in fact the property of defendant. The action of the court was not erroneous.

The judgment and order are affirmed.

Houser, Acting P. J., and York, J., concurred.