T. FRANKLIN MARSTON & another *vs.* IRENE MARSTON, administratrix.

Worcester.   September 21, 1931. — October 6, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Partnership,* Accounting.   *Real and Personal Property.*

The owner of a farm agreed with his two sons that they might erect greenhouses thereon, but that if they did so the greenhouses should become his property. Subsequently the father and the two sons entered into a partnership to carry on a greenhouse business on the farm, each agreeing to devote his time, labor and energy to carrying on the partnership business, and each to share equally the profits and the losses. Thereafter four greenhouses were erected by the labor of the three partners, the material in two of them being paid for by one of the

.sons and the partnership, and the material in the other two being paid for with partnership funds and partnership credit. A boiler was purchased by the partners with partnership funds on a conditional sale agreement. All were used in the business of the partnership. There was no specific agreement as to whether such property should remain personal property or should become part of the realty. Upon the death of one of the sons, the father and the other son carried on the business with the assent of the administrator of the deceased son's estate. In a suit in equity for an accounting between the surviving partners and the administrator, it was *held*, that

(1) The agreement as to greenhouses made by the father and his sons previous to the formation of the partnership was superseded by the partnership agreement and was inapplicable to the four greenhouses thereafter erected by the partners for use in their business;

(2) In the absence of any contrary agreement or intention as to the title to such four greenhouses, they were property of the partnership for which the surviving partners were accountable.

.BILL IN EQUITY, filed in the Superior Court on October 9, 1930, by T. Franklin Marston and Lisle Marston against the administratrix of the estate of Robert Marston, for a partnership accounting.

The suit was. referred to a master. Material findings by the master, and findings and rulings by *Whiting*, J., are stated in the opinion. By order of the judge, there were entered an interlocutory decree confirming the master's report and a final decree establishing the indebtedness of the plaintiffs to the defendant in the sum of $1,885.79, one third of the net value of the partnership assets on January 28, 1930. The plaintiffs appealed.

*L. E. Stockwell*, for the plaintiffs.

*S. B. Milton*, for the defendant.

SANDERSON, J. This is a bill in equity by two surviving partners against the administratrix of the estate of Robert Marston, a deceased partner, for an accounting. The case was referred to a master whose report was confirmed, and a final decree was entered establishing the indebtedness of the plaintiffs to the defendant in a stated sum with interest from January 28, 1930, the date of the death of Robert Marston, which caused the dissolution of the partnership. From this decree the plaintiffs appealed.

The farm on which the partnership business was carried on was owned by the plaintiff T. Franklin Marston. The

other two partners were his sons. Before 1921 an old greenhouse designated as number 1 was on the farm. In that year and the next, greenhouse number 2 was erected. For several years prior to March 1, 1925, Robert and T. Franklin Marston carried on the farm. On that date the plaintiffs and Robert Marston entered into an oral agreement forming a partnership at will for carrying on a greenhouse business, agreeing that the father would allow the use of his farm by the partnership, that the partnership would pay the taxes thereon and a specified sum each year on the principal of a mortgage to which the farm was subject, and also pay interest on the mortgage. Each partner agreed to devote his time, labor and energy to carrying on the partnership business, and all were to share equally the profits and the losses. The partners carried on business under this agreement until January 28, 1930.

After March 1, 1925, and before the end of 1926, greenhouses, designated by the numbers 3, 4, 5 and 6, and a boiler house were built and a boiler was installed. These four greenhouses were erected by the labor of the three partners, the material in those numbered 3 and 4 being paid for by Lisle Marston and the partnership, and the material in those numbered 5 and 6 being paid for with partnership funds and partnership credit. The boiler was purchased by the partners with partnership funds on a conditional sale agreement. All were used in the business of the partnership. Robert devoted his time to the business of the partnership until his death; since then his brother and father have carried on the business as it had been carried on before and they intend to continue in the business in the same place. The administratrix of the estate of Robert assented to the continuation of the business by the surviving partners and she has made no assignment of the interest of her deceased husband in the partnership. The plaintiffs have stated in their brief that the sole question for decision is whether the greenhouses numbered 3, 4, 5 and 6 were partnership property or the individual property of T. Franklin Marston. The master did not find that there was any agreement that the greenhouses erected upon the farm should

retain their identity as personal property. He found that in 1921 or 1922, when greenhouse number 2 was being built, the plaintiff T. Franklin Marston told his sons Robert and Lisle that they could erect greenhouses upon the farm but that if they did so, such houses would become his, the father's, property. and that the two sons assented to this arrangement.

The judge found and ruled that greenhouses numbered 3, 4, 5 and 6, erected after the formation of the partnership, were partnership property, that there was no agreement that they should become the property of T. Franklin Marston, the owner of the real estate, and that the rule that improvements made on the land owned by one partner, if made with partnership funds or for the purpose of the partnership, are treated as the personal property of the partnership and must be accounted therefor, applies to this property.

The agreement made in 1921 or 1922 as to the title to buildings which might be erected by the sons upon the father's land could not rightly be held to have any application to buildings erected by partnership labor and by money or credit of the partnership after its formation several years later. Where partners are to give their whole time to the business and share equally all profits and losses, structures erected by the partners for the partnership business with partnership funds upon the land of one of the partners are partnership property in the absence of any agreement as to the title to those structures or of facts showing a different intention. See *Dyer* v. *Clark*, 5 Met. 562; *Deutschman* v. *Dwyer*, 223 Mass. 261. Upon the facts found the partnership agreement in the case at bar must be held to have superseded the previous agreement that buildings erected on the property by the sons should belong to the father. The previous agreement could have no application to buildings erected by the labor of the partners, with partnership assets, for partnership purposes, under an agreement by which profits and losses are to be shared equally and each is to give his whole time to the business. If the buildings in question were held not to be partnership

property the father would receive a larger share of the profits of the partnership than either of his partners.   The judge was right in finding and ruling upon the master's report that the storehouses numbered 3, 4, 5 and 6 were partnership property.   See *Richards* v. *Manson,* 101 Mass. 482; *Taber-Prang Art Co.* v. *Durant,* 189 Mass. 173, 174.

We find no error in the valuations upon which the decree was based.

*Decree affirmed with costs.*