BEACON OIL COMPANY *vs.* ALEXANDER MANIATIS & others.

Middlesex.     November 13, 1933. — December 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Partnership. Equity Pleading and Practice,* Decree, Appeal. *Equity Jurisdiction,* To reach and apply interest in partnership. *Estoppel.*

In a suit in equity against two partners to reach and apply to a claim of the plaintiff against one of the defendants the interest of that defendant in a lease standing in the name of the other defendant but alleged to belong to the partnership, a master found that the rent under the lease was paid out of partnership funds; that the lease originally was taken in the name of a former partner of the first defendant as security for a loan to that defendant of money which was paid to the lessor; that that defendant and the former partner were at that time equal partners; that the lease was assigned by the former partner to one who succeeded him as partner and by him to the second defendant; that both the second defendant and his immediate predecessor knew that the first defendant claimed a one-half interest in the lease and "seemingly acquiesced" in his claim until shortly before the commencement of the suit, when the second defendant claimed sole ownership; that, at the time when the lease was assigned to the second defendant. the assignor, in the first defendant's presence. represented to the second defendant that he (the assignor) was sole owner thereof. which representation was not then disputed by the first defendant; and that the first defendant had a one-half interest in the lease. The statute of frauds was not pleaded by the defendants. It did not appear whether the loan made by the original partner had been paid, and there was no finding that his claim therefor was assigned with the lease to his successors. A decree adjudging that the first defendant had a one-half interest in the lease was entered. *Held,* that

(1) In view of the finding that the second defendant knew of the first defendant's claim to a one-half interest and "seemingly acquiesced" in it, a finding would have been warranted that the silence of the first

defendant at the time when the second defendant's assignor represented that he was the sole owner of the lease did not estop the first defendant to claim a one-half interest therein;

(2) Upon the findings, the second defendant had no ground to complain of the decree.

In a suit in equity to reach and apply to a claim of the plaintiff the interest of one of the defendants in certain property, a decree entitled "Final Decree," which established the plaintiff's claim and provided for the issuance of execution, and adjudged that the plaintiff had a lien upon said defendant's interest in the property, was a final decree although it did not contain the usual provisions for applying that interest to the plaintiff's claim.

Upon an appeal from the decree above described by one of the other defendants, there being no appeal by the plaintiff, this court, having determined that the plaintiff was entitled to relief upon the facts, *held*, that they could not supply the omission from the decree; but, in order to avoid all question as to the power of the Superior Court to supply the omission in entering a new decree after rescript affirming the decree or upon motion subsequent to the affirmance of the decree and its entry anew in the Superior Court in substantially the same form, and to preclude the possibility that a new suit would have to be instituted to enforce the decree, affirmed the decree with leave to the Superior Court to supply the provisions omitted therefrom.

BILL IN EQUITY, filed in the Superior Court on November 26, 1929, described in the opinion.

The suit was referred to a master. Material findings by him are stated in the opinion. By order of *Pinanski*, J., there were entered an interlocutory decree confirming the master's report and the final decree described in the opinion. The defendant Gray appealed.

*H. C. Gow*, (*M. K. Curnane* with her,) for the defendant Gray.

*J. W. Milne*, for the defendant Maniatis, submitted a brief.

*F. V. Terry*, for the plaintiff, submitted a brief.

LUMMUS, J. This bill in equity is brought by a judgment creditor of the defendant Maniatis to reach and apply his interest in a partnership, composed of Maniatis and the defendant Gray, engaged in the gasoline filling station business, and also the interest of Maniatis in a leasehold which stands, on the face of the assignment of the lease, in the name of Gray, but which, the plaintiff alleges, is held for the benefit of the partnership. The defendant

Gray appeals from a "final decree" establishing the plaintiff's claim against Maniatis with costs, and ordering execution therefor; declaring that Maniatis and Gray are equal partners in the business and the leasehold; and establishing that by the restraining order and the continuance thereof in force "the plaintiff has a lien upon the aforesaid half interest of the defendant Maniatis in said lease." Although the terms of the continuance in force of the restraining order are not in the record, we assume that the language of the final decree refers to action which in substance amounted to a preliminary injunction. G. L. (Ter. Ed.) c. 214, § 9. *Stathopoulos* v. *Reeksting*, 252 Mass. 542. *Schainmann* v. *Brainard*, 8 Fed. Rep. (2d) 11. *Davis* v. *Hayden*, 238 Fed. Rep. 734, 736, 737.

The final decree was based upon the report of a master, whose findings of fact are final, since in the absence of the evidence we have no means of revising them. From the beginning of the business, which Maniatis conducted with one Patchiavos, one Allen, and Gray as successive equal partners, the leasehold stood in the name of the partner other than Maniatis, although the rent was paid out of partnership funds. The lease was originally taken in the name of Patchiavos alone as security for a loan from him to his partner Maniatis of money which went to the lessor as the consideration for the transaction out of which the lease resulted. Thus the money paid was that of Maniatis, to the extent at least of his half interest in the partnership, and that is enough for this case. *Howe* v. *Howe*, 199 Mass. 598, 601. *Davis* v. *Downer*, 210 Mass. 573, 575. *McDonald* v. *Conway*, 254 Mass. 429, 433. Whether the loan was paid, does not appear; but there is no finding that the claim was assigned to Allen or Gray with the lease. Moreover, Maniatis and Patchiavos were equal partners when the lease was taken (*Lurie* v. *Pinanski*, 215 Mass. 229; *Deutschman* v. *Dwyer*, 223 Mass. 261; *Marston* v. *Marston*, 277 Mass. 129), and the statute of frauds was not pleaded. *Livingstone* v. *Murphy*, 187 Mass. 315, 318. *Burke* v. *McLaughlin*, 246 Mass. 533, 538. *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199,

204. Both Allen and his assignee of the lease and successor in the partnership, Gray, "were aware that Maniatis claimed a half interest in the lease throughout their partnership and seemingly acquiesced in it" until a short time before this bill was brought, when Gray began to claim sole ownership. When Gray was about to become a partner and to take an assignment of the lease, and Allen represented that he was the sole owner of the leasehold, it could be found that the silence of Maniatis did not estop him, in view of the finding just quoted. The master found that Maniatis had a half interest in the leasehold. Upon these findings, the defendant Gray has no just reason to complain of the decree. The requests for rulings which the defendant Gray presented to the master, so far as they are material, are disposed of by what has already been said.

The decree appealed from omits to provide the customary machinery for applying to the debt the property which the bill seeks to reach. See *Rolfe* v. *Clarke*, 224 Mass. 407, 412; *Levey* v. *Nason*, 279 Mass. 268. We cannot correct it in favor of the plaintiff upon the appeal of the defendant Gray. *Kilkus* v. *Shakman*, 254 Mass. 274, 280. It is a final decree, not only because it purports to be final (*Kingsley* v. *Fall River*, 280 Mass. 395, 398), but also because it provides, though unnecessarily (*Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121, 126), for the issue of execution. *Kingsley* v. *Fall River*, 280 Mass. 395, 401. If it should be affirmed and entered anew in the Superior Court in substantially the same form, that court might not have power to supply the omission later upon motion in this suit. *Kingsley* v. *Fall River*, 280 Mass. 395, 398. Compare as to varying the time and manner of enforcement of a final decree, *Mootry* v. *Grayson*, 104 Fed. Rep. 613, 618; *Fulton Investment Co.* v. *Dorsey*, 220 Fed. Rep. 298; *Lawrence* v. *Staigg*, 10 R. I. 581, 599, *et seq.*; *Totten* v. *Totten*, 299 Ill. 43. A new bill to carry the decree into execution might be found necessary. *Grew* v. *Breed*, 12 Met. 363. *Gay* v. *Parpart*, 106 U. S. 679, 699. *Lawrence Manuf. Co.* v. *Janesville*

*Cotton Mills*, 138 U. S. 552, 561, 562. *Cincinnati, Indianapolis & Western Railroad* v. *Indianapolis Union Railway*, 270 U. S. 107, 117. *Independent Coal & Coke Co.* v. *United States*, 274 U. S. 640, 647. *Compton* v. *Jesup*, 68 Fed. Rep. 263, 315. Perhaps the Superior Court might supply the omission in entering a new decree after rescript affirming the decree. *Terry* v. *Brightman*, 133 Mass. 536. *Day* v. *Mills*, 213 Mass. 585, 587. To avoid all question, the decree is affirmed with costs, but with leave to the Superior Court to supply provisions for applying the property to the debt which were omitted from the decree.

*Ordered accordingly.*