[L. A. No. 16187.   In Bank.—April 12, 1940.]

WILLIAM MINIKIN, Respondent, v. FRED HENDRIX, Appellant.

James W. Briscoe and Stanley T. Tomlinson for Appellant.

W. Stuart Smith for Respondent.

THE COURT.—This action was brought for a dissolution of partnership; for the appointment of a receiver; for an

accounting, a sale of the partnership assets, and distribution of proceeds to the partners. As the result of the trial of one of the issues with respect to the accounting, the trial court rendered a judgment for plaintiff in the sum of $290, which was found to be one-half the total cost of several improvements made by the partnership on certain real property owned by defendant. The latter has appealed from that judgment.

It appears from the facts found by the trial court that on or about the 1st day of July, 1929, at Santa Barbara, California, the parties hereto formed a partnership for the purpose of engaging in a general woodworking business under the name and style of "Custom Woodworkers"; that the partners transacted the partnership business for the period of approximately five and one-half years; that during the continuance of the partnership certain real property personally owned by the defendant partner was occupied and used by the partnership for business purposes; and that pursuant to an agreement between the partners certain improvements were made on the said real property at the expense and for the use of the business of the partnership.

It further appears that on or about February 6, 1935, plaintiff brought the instant action for dissolution of the partnership. Thereupon a receiver was appointed and, pursuant to stipulation of the parties and directions of the trial court in that regard, he proceeded to dispose of the physical personal property of the partnership—excepting therefrom the improvements to the real property, the disposition of which was specifically excepted from his duties by the terms of the said stipulation. After the debts of the partnership had been paid and the net proceeds had been distributed to the partners, the receiver's account was allowed and approved,—which left for disposition by the trial court the issue as to what accounting should be made in connection with the said improvements. The trial court received evidence as to the cost of the various improvements, on the theory that plaintiff was entitled to a one-half share of their total cost. In that regard the trial court found that the respective improvements were as follows: The erection of a stucco addition to another building theretofore erected on the premises; an improvement (consisting of ceiling and siding) to a building used by the partners as an office; the in-

stallation in one of the buildings of electric lighting facilities; and the erection and installation of a work bench and vise, a lathe bed, and five nests of drawers.

Appellant contends that the evidence was insufficient to support the findings of the trial court as to the cost of the several items of improvements, and in that regard asserts particularly that the evidence given by plaintiff on that issue was based on conjecture and speculation. Plaintiff testified that the figures given by him as the cost of the various items admittedly were approximations, for the reason that he did not know what the bookkeeping entries of the partnership disclosed in that regard, due to the asserted fact—which was found by the trial court to be true—that defendant had ''at all times kept the books of the said partnership and that plaintiff has had no knowledge of the entries made therein relative to the partnership business''. Defendant offered no evidence in refutation of plaintiff's testimony regarding the estimates of cost of the several items, nor was any other evidence offered by either party which related to that issue. However, plaintiff further testified that he personally helped in the erection or installation of some of the improvements; that his estimates of cost of some of the others were based on the amount of lumber used in their construction and on the period of time consumed in such construction and installation. With respect to the figure given by him as the cost of installation of electric lighting facilities, he testified that he knew the length of time spent in such installation and ''what 'they' charge for putting those in''.

From the foregoing the trial court clearly may have assumed that plaintiff was not without some knowledge of the cost of the various improvements to which he testified. Also, as one of the owners of the said improvements plaintiff was qualified to testify concerning their value. (*Los Angeles Co. F. C. Dist.* v. *Abbot,* 24 Cal. App. (2d) 728, 737 [76 Pac. (2d) 188]; *People* v. *Haney,* 126 Cal. App. 473, 475 [14 Pac. (2d) 854].) In the latter case it was said: '' 'The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth.' '' Furthermore, as hereinbefore has been noted, defendant was found to have retained exclusive possession of the books of the partnership, and he offered no evidence in contradiction of the estimates of cost as

given by plaintiff. ■ Section 2061, Code of Civil Procedure, provides that " . . . evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; . . . ". Manifestly, in the instant case, the rule to be followed is that " ' . . . an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account as well all inferences which might reasonably have been thought by the trial court to lead to the same conclusion. . . . ' " (*Iffland* v. *John,* 128 Cal. App. 531, 533 [17 Pac. (2d) 1028].) ■ The trial court was the judge of the credibility of plaintiff as a witness. Its finding as to the value of the several items was based on the minimum figures testified to by plaintiff. Under the circumstances hereinbefore indicated this court may not declare that the findings herein challenged were not sufficiently supported by the evidence,—since the rule is that the determination reached by a trial court on a question of fact is binding upon a reviewing court, except in the single instance where there is no substantial evidence to support the challenged findings. If believed by the trial court, plaintiff's testimony as to the cost of the improvements sufficiently supported the findings, inasmuch as it is well settled that the testimony of one witness entitled to credit is sufficient to establish a fact in a civil case. (*Leffingwell* v. *Faubion,* 89 Cal. App. 157 [264 Pac. 306].)

■ However, other contentions with regard to the said improvements are made by appellant, for example, the claim that some of them were "trade fixtures" and, consequently—in the event it be ruled that such improvements were a partnership asset—that pursuant to an accounting they should have been removed from the realty and sold. It also is contended that the said improvements were "trivial" and, therefore, that in the absence of a specific agreement therefor it would be inequitable to require the partner who owned the land to pay the other for improvements made thereon, for the asserted reason that it might be found that such improvements had not enhanced the value of the real property. And in that regard appellant contends that it was incumbent upon respondent to have shown an enhancement in value

to the real property due specifically to the said improvements.

In answer to those contentions respondent asserts that, although no California case may be found which presents the question here involved, the case of *Flint* v. *Flint*, 87 N. J. Eq. 560 [100 Atl. 754, 755], is decisive of the instant matter, and that it provides a complete answer to the foregoing contentions made by appellant herein. There it was said: "It is conceded by defendants that the fact that the land was the land of one of the partners and the improvements were made with partnership funds operates to prevent the owner of the soil from asserting, as against the partnership and its representatives, the right to hold the improvements without some compensation. The question is, What is the right of the partnership? Is it a right in the property or a right against the property? Is it a right of ownership in the property, or is it in the nature of a lien against the property *for the value put into it?* I think the latter. What the partnership used was money, personal property. This money was used to purchase personal property. That personal property was put upon real estate, and although its physical nature was not in any wise altered, it became, by virtue of a rule of convenience, real estate, but not I think the real estate of the partnership. By virtue of the relations existing between the parties a duty arose upon the part of the owner of the soil in this case to account to the partnership. The right of the partnership was a right to recover from the owner of the soil, not real estate but personal property, to wit, money. (*Deveney* v. *Mahoney,* 23 N. J. Eq. 247.) Such a right is a chose in action which is personal property. To hold otherwise would result in endless confusion. It is impossible or impracticable, of course, to sell the improvements apart from the soil. It is impossible to actually partition the improvements apart from the soil. . . . " (Emphasis added.) In that case judgment was rendered in accordance with the views thus expressed.

The same decision was reached in the case entitled *Marston* v. *Marston,* 277 Mass. 129 [177 N. E. 862], where it was said: "The judge found and ruled that greenhouses numbered 3, 4, 5 and 6, erected after the formation of the partnership, were partnership property, that there was no agreement that they should become the property of T. Franklin

Marston [one of the partners], the owner of the real estate, and that the rule that improvements made on the land owned by one partner, if made with partnership funds or for the purpose of the partnership, are treated as the personal property of the partnership and must be accounted therefor, applied to this property. . . . Where partners are to give their whole time to the business and share equally all profits and losses, structures erected by the partners for the partnership business with partnership funds upon the land of one of the partners are partnership property in the absence of any agreement as to the title to those structures or of facts showing a different intention. See *Dyer* v. *Clark*, 5 Metc. (Mass.) 562 [39 Am. Dec. 697] ; *Deutschman* v. *Dwyer*, 223 Mass. 261 [111 N. E. 877]."

It is the conclusion of this court that the foregoing cases correctly state the law with regard to the situation herein presented. In the instant case it was conceded by the partners that the improvements were purchased with partnership funds and placed on the real property owned by one of the partners; that the latter was compensated by the partnership for the use of the real property; and that no contract was entered into by the partners respecting the disposition to be made of the improvements in the event of dissolution. Under those circumstances the improvements became a partnership asset and, as such, on dissolution of the partnership the non-land-owning partner was entitled to his proportionate share of their value. The evidence showed that with the possible exception of the item "nests of drawers" each of the improvements was affixed to the realty in such manner that severance therefrom would have been impracticable and perhaps impossible. Furthermore, it would appear that the partners recognized the impracticability of severing the improvements for purpose of sale in view of the fact that they specifically stipulated that disposition of the improvements to the real property be excepted from the duties of the receiver in the matter of selling or otherwise disposing of the partnership personalty.

In view of the conclusions reached herein, it follows that no other contention made by counsel need be discussed.

The judgment is affirmed.