## DEVENEY *vs.* MAHONEY.

1. Land bought with partnership funds, although the title be taken in the name of one of the partners, will be treated in equity as partnership property.

2. The same principle applies to improvements made with partnership funds on the separate property of one of the partners.

3. It is not necessary that judgment should be first obtained against the co-partner in whose name the title is vested, to enable a partner to maintain a suit in equity for an account, and to have the property declared partnership assets.

4. The rule that a fraudulent or voluntary transfer of property cannot be contested by a creditor at large, but only by one who has obtained a judgment that would be a lien upon the property if not transferred, is well established, but does not apply to a partner calling on a co-partner to account.

5. Where a part of the purchase money of the property alleged to have been fraudulently conveyed by a partner remains unpaid at the time of filing a bill for account against him, the grantee, as to that amount, is not a purchaser for value without notice. And the property is liable to that amount, with interest from the date of the conveyance, provided so much of the partnership funds have been expended thereon.

The case was submitted upon briefs, on final hearing upon bill, answer, and proofs.

*Mr. Dixon*, for complainant.

*Mr. Ransom*, for defendants.

THE CHANCELLOR.

Francis Deveney, the complainant, had been a partner of the defendant, Thomas Mahoney. They were carpenters; their business was building. The partnership was dissolved by consent. The debts of the firm far exceeded their assets, unless the amount expended on the lot of Mahoney is reckoned in the assets. Mahoney, after the dissolution, refused to contribute to the payment of these debts, and left the state, leaving Deveney to pay the debts. He first conveyed his real estate, being a lot in Brunswick street, Jersey City, to his brother, the defendant, John Mahoney. John retained in his hands $1000 of the purchase money, which he has not yet paid or secured.

Part of the partnership means were expended in building a house on this lot of Thomas Mahoney, which was his own property, bought with his own money, and never, in any way, put into the partnership; the dwelling-house so built was intended for his separate use. There was also erected on this lot out of the means of the firm, a carpenter-shop, which was intended for the use of the firm, and was used by them. This shop John Mahoney does not claim, and, in his answer, says he is willing that Deveney may remove it.

Deveney having paid the partnership debts to a considerable amount beyond his share, and being liable for the whole, brings this suit to have the accounts of the partnership adjudged and settled, and to have the lot conveyed to John declared partnership assets and liable to Thomas' share of the partnership debts, and to have the deed to John Mahoney declared void against the creditors of the firm. Thomas has not answered, and the bill has been ordered to be taken as confessed against him. John Mahoney answers that he bought the lot of Thomas without any intent to defraud creditors, and paid a valuable consideration, and insists that

his title is valid as against the complainant and the creditors of the firm. But in his evidence he admits that he owes Thomas $1000 of the consideration, which is still unpaid.

It is a well-settled part of the law of partnership, that if land or other property is bought with the partnership funds, although the title may be taken in the name of the individuals composing the firm, or in the name of one of them, yet the same is to be treated in equity as partnership property, and is to be sold and accounted for by a surviving partner as if personal property. *Collumb* v. *Read*, 24 *N. Y. R.* 505; *Buchan* v. *Sumner*, 2 *Barb. Ch.* 165; *Delmonico* v. *Guillaume*, 2 *Sandf. Ch.* 366; *Baldwin* v. *Johnson*, *Saxt.* 441; *Matlack* v. *James*, 2 *Beas.* 126; *Holdrege* v. *Gwynne*, 3 *C. E. Green* 26; *Uhler* v. *Semple*, 5 *C. E. Green* 288.

The case of improvements made with partnership funds on the real estate of one partner would seem to come, *pro tanto*, within the same principle. But it is in such case difficult of application, and is not directly established by the cases cited and the numerous English and American cases on which these are based.

But the Supreme Court of New York, in the case of *Averill* v. *Loucks*, 6 *Barb.* 19, held that a sheriff's sale under a judgment against one partner, would convey the separate real estate of that partner, subject to equitable claims of the other partner and the creditors of the firm, to the improvements put on the land with partnership funds; and this, although the judgment was docketed before the improvements were made.

In *King* v. *Wilcomb*, 7 *Barb.* 263, the same doctrine was applied to the trees and shrubbery planted by the firm as nurserymen on the lands of one partner. The partner owning the land sold it. In a suit by the other partner against him and the purchaser, to have these trees and shrubbery declared partnership property and accounted for, the claim was sustained. The Superior Court, in *Smith* v. *Danvers*, 5 *Sandf.* 669, held and enforced the same doctrine.

In these cases and those before cited, as to land itself pur-

Deveney *v.* Mahoney.

chased with partnership funds, the suit was by one partner who had not obtained judgment against his co-partner, in whose name the title was in part or wholly vested, though no question was raised on that ground.

But in *Wade* v. *Rusher*, 4 *Bosw.* 537, this question was raised, and it was held that it was not necessary to have such judgment. The opinion on this point declares " that where real estate has been purchased with partnership funds, each partner has an equitable lien upon it, not only as representing creditors to secure their rights through such lien, but for payment of his own eventual demand. If the title is taken in the name of one, he is a trustee, and the co-partner a *cestui que trust*. This equitable lien may always be successfully asserted against the partner, against his heirs, devisees, or his voluntary assignees for value without notice."

These cases all depend upon this doctrine of trust, which takes them out of the rule in case of creditors contesting a fraudulent or voluntary transfer of property, which cannot be done by a creditor at large, but only by such as have obtained a judgment that would be a lien upon the property if not transferred. That rule insisted upon by the counsel of the defendant is well established, but does not apply to a partner calling on a co-partner to account.

John Mahoney, at the filing of the bill, had $1000 of the consideration in his hands ; as to that amount he is not a purchaser for value, without notice ; and as that appears sufficient to pay the claim against Thomas, it is not necessary to consider whether, as to the residue, he was a purchaser with notice.

There must be a decree for an account, and that the property conveyed to John Mahoney shall be liable to the amount found due from Thomas to the firm or its creditors, to the extent of $1000, and the interest thereon from the date of the conveyance, provided so much of the partnership funds were expended in improvements on the lot conveyed to him.