## Kelley v. Shay, Appellant (No. 1).

*Equity—Parties—Cross bill—Partnership.*

Where on a bill in equity between partners for an accounting, the plaintiff admits a debt due by the partnership to a third person, but such debt is denied by the defendant, and the alleged creditor becomes a party defendant by intervention and by notice, and in the accounting the debt is established, the court may enter a decree in favor of the intervening creditor without any cross bill ever having been filed by him.

The general rule which requires a defendant to file a cross bill when seeking to enforce his rights, does not apply in cases of accounting where a balance is found due to the defendant, nor in cases where there are adverse interests between the co-defendants.

*Partnership—Dissolution of partnership—Distribution in specie.*

The general rule that upon the dissolution of a partnership, it is the right of each partner to have the partnership property converted into

money by a sale, does not apply where the circumstances of the parties would give to one an advantage in the bidding. In such a case if all the debts are paid, the court may divide the property in specie.

Argued March 3, 1903. Appeal, No. 162, Oct. T., 1902, by defendant, from decree of C. P., Washington Co., No. 986, on bill in equity in case of H. A. Kelly v. John W. Shay, Greensboro Natural Gas Company and S. F. McCaulley. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity between partners for an accounting. Before TAYLOR, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*A. M. Todd,* and *John C. Bane,* with them *George A. Jenks,* for appellant.—Under the pleadings in the case, McCaulley is not entitled to any relief whatever ; he being a defendant, and his claims all being for original, affirmative, substantive relief against the partnership of Shay & Kelley, and against Shay, individually, he is not, in the absence of a cross bill, entitled to a decree in his favor : Freeland v. South Penn Oil Co., 189 Pa. 54 ; McCune v. Lytle, 197 Pa. 404 ; Duryee v. Linsheimer, 27 N. J. Eq. 366 ; McConnel v. Smith, 23 Ill. 611 ; Mason v. McGirr, 28 Ill. 322 ; Norman v. Hudleston, 64 Ill. 11 ; Smith v. Wolfolk, 115 U. S. 143 (5 Sup. Ct. Repr. 1177) ; 2 Daniell's Chancery Pleading, 1550.

In the absence of a special agreement to the contrary, the right of each partner on a dissolution, is to have the partnership property converted into money by a sale : Wild v. Milne, 26 Beavan, 504 ; Featherstonhaugh v. Fenwick, 17 Vesey, 298 ; Crawshay v. Maule, 1 Swanston, 495 ; Sigourney v. Munn, 7 Conn. 11.

*A. Leo Weil,* with him *John W. Donnan, David Sterrett* and *Chas. M. Thorp,* for appellee.—The defendant may have a decree in his favor without a cross bill in cases of specific performance and in cases of accounting if a balance is found due to the defendant : Freeland v. South Penn Oil Co., 189 Pa.

54; Corcoran v. Chesapeake, etc., Canal Co., 94 U. S. 741; Vance v. Evans, 11 W. Va. 342; Elliott v. Pell, 1 Paige's Ch. 263 ; Allen v. Baugus, 1 Swan. 404 ; Ingram v. Smith, 1 Head. 411 ; Henshaw v. Wells, 9 Humphreys, 567 ; Vanderveer v. Holcomb, 17 N. J. Eq. 87.

While the general rule is that the property of the partnership shall be sold and the proceeds distributed, yet, where the debts have all been paid and the assets remaining are capable of absolutely equal division, such division may be made ; where equal division can be made and one of the partners demands and the other objects to such division, if the court finds that great injustice, inequality, wrong and oppression would be occasioned by selling instead of dividing the property, and that no injury will be occasioned by dividing, then the court is compelled out of regard for equity and good conscience to divide the stock, instead of ordering its sale : Featherstonhaugh v. Fenwick, 17 Vesey, 298 ; Harper v. Lamping, 33 Cal. 641; Pierce v. Covert, 39 Wis. 252 ; Shearer v. Shearer, 98 Mass. 107.

OPINION BY MR. JUSTICE POTTER, May 11, 1903 :

This bill is filed for an accounting of partnership transactions, and for the appointment of a receiver. The bill avers and the answer admits that a partnership, under the firm name of John W. Shay, was formed between Shay and Kelley in the spring of 1891 for the purpose of drilling oil and gas wells by contract in Washington county, Pennsylvania. The partnership continued until its dissolution by defendant Shay on November 27, 1897. During the existence of the partnership each member was at liberty to engage in the business of leasing lands and producing oil upon his own account, and each of them availed himself of this privilege. In conducting the business of the firm, Kelley was the outside man, and did the field work, while Shay was the financial man, and the managing partner, and took the contracts, collected and paid out the money, and kept the books. Shay and Kelley were also partners with others in similar operations in West Virginia and in Greene county, Pa., the Greene county leases having been negotiated by one McCaulley under an agreement by which he was to have an interest in the leases. Shay alleges

that at three different periods during the existence of the partnerships, final settlements to their dates were made between the partners, and balances shown were paid, and receipted for by the plaintiff.    But the court below finds that, without fraud or wrongful intent upon Shay's part, very serious and extensive errors were made in the keeping of the accounts, which warranted the disregarding of the intended settlements, and entitled Kelley to an accounting for the entire period of the partnership.    The court suggested, however, that it be "along the lines of the defendant's accounting heretofore, in order that from the books and accounts kept of the business between them there may be pointed out errors and items of debit and credit and explained in the various accounts, and the recollection of the parties concerned refreshed from them."    He therefore appointed James I. Brownson Jr., Esq., as assessor, to call before him the parties, with their account books, vouchers and papers from which, and from the testimony to be taken, he was to state an account; and, in order to facilitate the taking of the testimony, he was, by agreement of all concerned, appointed an examiner, for the purpose of administering oaths and taking the depositions of witnesses.    The assessor proceeded most thoroughly and diligently with the duties of his appointment, and after much patient investigation and careful consideration, filed a clear, methodical and able account and, thereafter, the assessor having filed his report, and exceptions thereto having been filed by both parties, and additional testimony having been taken before the court, after argument by counsel, and due consideration, the court entered a final decree, dismissing most of the exceptions, and confirming the report, as modified in certain particulars.    The decree sets forth, inter alia, that certain shares of the capital stock of the Greensboro Natural Gas Company, standing in the name of John W. Shay and subscribed for by him, and purchased with partnership property, are the property of the partnership of Shay & Kelley, and are subject also to the interest of S. F. McCaulley therein. The interests of the several parties are further defined by the decree, and the gas company is directed to issue certificates of stock to the parties entitled thereto, upon payment of the balances yet due.    It is argued here under the assignments of error filed upon behalf of the appellant Shay, that the defendant Mc-Caulley was not entitled under the pleadings to affirmative relief

in the absence of a cross bill. He was not an original defendant. It was found upon preliminary hearing, that McCaulley claimed an interest in the partnership and in the property in controversy; and the appellant Shay moved to dismiss the bill for these reasons. The court below refused, but ordered the case to stand over until McCaulley should be brought upon the record. Upon notice and service of the bill, to which his name had been added as defendant by an amendment duly allowed, McCaulley appeared and filed what was termed an answer, but which in effect was a petition to intervene. Upon final hearing it was found that the partnership owed money to McCaulley, and that he was also entitled to certain shares of stock of the Greensboro Natural Gas Company, which were held by the receivers of the partnership. The court directed that the money should be paid, and the certificates of stock should be delivered to McCaulley. This is the extent of the affirmative relief granted to him, and of which appellant complains. It was no more than would have been required if McCaulley had not been a party to the bill. The indebtedness of the partnership to him must have been ascertained and paid, before the partnership affairs could be wound up and the assets distributed. It was not the awarding of an amount claimed by both partners or by neither. Kelley admitted McCaulley had a claim, but did not know the amount: Shay denied it altogether. Before Kelley's interest in the partnership could be ascertained, McCaulley's claim must be determined.

The method pursued simply made McCaulley a party to the adjudication and bound him by the result. To the general rule which requires a defendant to file a cross bill when seeking to enforce his rights, there is a well recognized exception in cases of accounting where a balance is found due to the defendant. Thus in Freeland v. South Penn Oil Co., 189 Pa. 54, after citing the rule, Justice FELL, delivering the opinion of the court, thus continues : " There are some well recognized exceptions to this rule, where a defendant may have a decree in his favor without a cross bill, as on a bill for a specific performance where the defendant sets up in the answer and proves an agreement different from the one sought to be enforced ; on a bill for accounting, if a balance is found due the defendant ; and on a bill for partition where the defendant claims the same re-

lief as is sought by the original bill. These and other exceptions are very clearly stated in 5 Ency. of Pl. & Pr. p. 634." And in Langdell on Equity Pleading, sec. 159, page 184, after discussing the question as to the necessity for a cross bill, it is said: "So where the decision of a controversy between a plaintiff and two defendants raises an incidental and collateral question between the co-defendants, the court will sometimes dispose of the matter by means of a reference to a master and thus save the expense of a separate suit, and the same course has been taken where it was impossible to give the plaintiff the relief to which he was entitled without first deciding a question between the co-defendants : Hood v. Clapham, 19 Beav. 90–96 ; Duberly v. Day, 14 Beav. 9."

But there is another ground upon which the action of the court below, in this respect, may be sustained. The adverse interest here is between co-defendants, and as between themselves, defendants may have affirmative relief without a cross bill. In Beach on Mod. Eq. Pr. sec. 430, this rule is thus stated : "In chancery suits, where parties have been made defendants because they will not join as plaintiffs, who are yet necessary parties, it has long been settled that adverse interests as between co-defendants may be passed upon and decided, although they are not put in issue by the pleadings and no adversary proceedings are had ; and if the parties have had a hearing and an opportunity of asserting their rights, they are concluded by the decree as far as it affects rights presented to the court and passed upon by its decree." And many authorities are cited to sustain the proposition. The partnership property was in the hands of the court, through its receivers, and was there for division and distribution. McCaulley claimed an interest in the property. The interests of the partners could not be determined until his claim was adjudicated. He appeared and submitted his interests to the court, and asked for its protection. And the court has by its decree, made with all parties in interest before it, defined the extent of McCaulley's interest, and was thereby enabled to determine the main controversy between the partners, and state the account between them. We see no error in its action in so doing. The court found as facts that both the partnership and McCaulley had interests in the lease upon the Gray farm, in Greene county,

Pa., and that Shay had exchanged that lease for stock in the Greensboro Natural Gas Company, and it therefore ordered Shay to turn over to McCaulley and to the partnership, their proportionate shares of the stock. This was manifestly right upon the facts, and we will not, of course, disturb the finding of facts by the court below.

The appellant complains, also, that the court having found that the partnership owned certain shares of the stock of the Greensboro Natural Gas Company, ordered the distribution of the said stock to be made in specie, instead of directing it to be sold and the proceeds divided. The general rule is, that upon the dissolution of a partnership, it is the right of each partner to have the partnership property converted into money by a sale. The reason for this course is, that it is generally the fairest way to proceed. But here the court has found that the partnership debts are all paid, and hence there is no need for money, and that further, in case of a sale of the stock, Shay would, from the circumstances of the case, have certain advantages over Kelley, so that, to use the language of the court, " these parties would not be upon an equality in bidding for the stock if it were put up for sale, and that it will be fairer and more just to give to each his proper share of the stock in specie if Kelley's proportion of the liability to the gas company is provided for." Equity and good conscience, therefore, require that in the present case, the stock should be divided in kind, rather than that it should be sold, and the proceeds divided.

The rule is generally the other way, because the fairest results are in most cases reached by a sale. But where as here, the reason fails, the rule must be honored in the breach, rather than in the observance.

The conclusions of law reached by the court below are warranted by the facts as found by him, and we are not convinced that the evidence fails to support in any particular his findings of fact. It follows that the specifications of error based thereon cannot be sustained. The thirteenth specification of error complains of the placing of the costs upon this appellant. Under the evidence, as a whole, we think they were properly imposed. The court below will, of course, protect the interests of the Greensboro Natural Gas Company in obeying its

order to transfer upon its books the shares of stock to the various parties entitled thereto.

The assignments of error are all overruled, the appeal is dismissed and the decree of the court below is affirmed.