RUSSELL A. FLINT et al.

v.

MYRON E. FLINT et al.

[Decided April 9th, 1917.]

1. Partnership real estate not necessary for the payment of partnership debts descends to the heirs-at-law.

2. One who voluntarily places improvements. upon the land of another with or without the owner's consent, loses his right thereto, unless there is an agreement to the contrary.

3. Where improvements are made by a partnership on lands of one partner. the relationship of the parties is sufficient to prevent the operation of the rule, and the partnership and those representing it are entitled to compensation, but this right is personal property, not real.

4. Improvements made with partnership funds on lands of one partner and used for partnership purposes are not real assets entitling the heirs of a deceased partner to partition, the partnership right being against and not in the property.

On motion to strike out bill.

*Messrs. Burnett, Cornish & Sorg (Mr. D. Frederick Burnett)*, for the motion.

*Mr. Borden D. Whiting, contra.*

LANE, V. C.

This is a bill filed by the heirs-at-law of Walter A. Flint, deceased (one of them is an· infant), for the partition of certain

property alleged to be real estate of a partnership which was composed of the deceased Walter and his brother, Myron E. Flint, one of the defendants. The business of the partnership was the retail dealing in butter, eggs, poultry and dairy products. In 1908 or thereabouts it caused land and premises mentioned in the bill which were and are admittedly (if there is any other inference to be drawn from the bill the situation was made clear at the hearing) the sole property of the defendant Myron E. Flint, to be improved at an expenditure of some $9,000, by the erection of a cement and concrete office and storage building, stable and wagon shed with roadway. The entire cost of the improvements was paid out of partnership funds and the improvements were used for partnership purposes until the dissolution of the firm by the death of Walter A. Flint. Lottie E. Flint, his wife, one of the defendants, was appointed administratrix, and on July 2d, 1914, she individually and as administratrix entered into an agreement with Myron E. Flint for the sale to him of all of her and the estate's interest in the assets of the partnership, for the sum of $14,000. This sum represented approximately one-half of the net assets of the partnership, including the value of the improvements. The sum was paid and a bill of sale delivered. The debts of the property have been paid and the value of the improvements will not be needed to meet any of the obligations of the partnership. The complainants, heirs-at-law of the deceased partner, now claim that the improvements were and are real estate and as such their value not being necessary for the payment of partnership debts, descended to them as heirs-at-law of the deceased partner and that the agreement and bill of sale are ineffective as against them. The technical situation which would exist, if the complainants' position be sound, is that the legal title of the soil will be in the defendant Myron Flint. The defendant Myron Flint will also have a half interest in the improvements. Each complainant will have a one-fourth interest in the improvements. The bill asks partition and other relief. The position of the defendant Myron Flint is that whatever right the partnership had in the improvements was from the beginning and continued to be, so far as the partnership and the individual

36

parties are concerned, personalty. Passing the question which arises upon the face of the bill whether, it appearing that the legal title is in dispute, there can be partition until the title is settled, which was not raised on the motion to strike out in any way, I will consider the merits. *Country Homes Land Co. v. De Gray,* 71 N. J. Eq. 283. The bill prays for other relief and it may well be argued that any relief that could be granted must be by reason of the relationship of the parties in this court.

The law is well settled that partnership real estate, not necessary for the payment of partnership debts, descends to heirs-at-law. *Craighead v. Pike,* 58 N. J. Eq. 15; *Campbell v. Campbell,* 30 N. J. Eq. 415. There are exceptions. *Patrick v. Patrick,* 71 N. J. Eq. 347. That, so far as the owner of the soil is concerned, the improvements are real estate, admits of no question. *Leo Company v. Jersey City Bill Posting Co.,* 78 N. J. Law 150; *Palmeteer v. Robinson,* 60 N. J. Law 433. They became real estate not because of a change of a physical nature but because of annexation to the soil. The rule originally, I think, was based upon the practical impossibility of removal after annexation without great injury. One who voluntarily places improvements upon the land of another, with or without the consent of the owner of the soil, loses his right to the personal property unless there is an express agreement which takes the case out of the rule and even where such an agreement is present which might be effective between the owner of the soil and the person making the improvements it would be ineffective as against subsequent purchaser without notice. The reason for this is stated by Mr. Justice Trenchard in *Leo Company v. Jersey City Bill Posting Co.,* 78 N. J. Law 152. It is conceded by defendants that the fact that the land was the land of one of the partners and the improvements were made with partnership funds operates to prevent the owner of the soil from asserting as against the partnership and its representatives the right to hold the improvements without some compensation. The question is, what is the right of the partnership? Is it a right *in* the property or a *right* against the property? Is it a right of ownership in the property or is it in the nature of a lien against the property for the value put into it? I think the latter. What

the partnership used was money, personal property. This money was used to purchase personal property. That personal property was put upon real estate and although its physical nature was not in anywise altered, it became by virtue of a rule of convenience real estate, but not, I think, the real estate of the partnership. By virtue of the relations existing between the parties a duty arose upon the part of the owner of the soil in this case to account to the partnership. The right of the partnership was a right to recover from the owner of the soil not real estate but personal property, to wit, money. *Deveney* v. *Mahoney, 23 N. J. Eq. 247.* Such a right is a chose in action which is personal property. To hold otherwise would result in endless confusion. It is impossible or impracticable, of course, to sell the improvements apart from the soil. It is impossible to actually partition the improvements apart from the soil. The effect would be to create an interest of the partnership in the soil, for he who can compel the sale of the soil, as would be the result in this case, if complainant's position is sound, has an interest in it. The rule which had as one of its objects the protection of the owner of the soil would operate to his great disadvantage. It is suggested that an equitable result may be worked out by having the value of the soil appraised and the value of the improvements, then selling the whole and apportioning the proceeds upon the basis of proportions. This, I think, would be practically impossible, and it would be inequitable to the owner of the soil. The duty of the owner of the soil is to pay money, not to give real estate or an interest therein.

Having concluded that the right of the partnership is personal property, the motion to strike out the bill must prevail.