Judgment ordered for defendant, with ten dollars costs, as stipulated in the submission.

FORD H. Dow, Plaintiff, *v.* ALLEN E. BEALS and Others, Defendants.

Supreme Court, New York County, November 29, 1933.

*Wormser & Kemp [Alfred L. Becker* of counsel], for the plaintiff.

*Charles E. Francis [George W. Tucker* of counsel], for the defendants.

McLAUGHLIN, J. The plaintiff and the individual defendants were partners. This action is brought to dissolve that partnership

and for damages caused by reason of the acts of these defendants with respect to the partnership property and its management over a period of approximately three years.

The original judgment dismissing the complaint on the merits upon the previous trial has been before the Appellate Division and that determination reversed and a new trial ordered (*Dow* v. *Beals*, 238 App. Div. 810). There is little difficulty in deciding the issues involved here in favor of the plaintiff. The actions of the defendants were arbitrary and violated not only the law but every canon of fair play toward a partner. The rights of these parties were fixed by the agreement of February 4, 1916, and were continued in and ratified by several subsequent instruments in writing executed by these parties. The corporation defendant has been found by the Appellate Division to be an instrumentality to carry out the terms of this agreement. It was not, as now contended by the defendants, the sole business or property of this partnership, but on the contrary, was merely an incident to such business. The actions of the defendants on and after March 3, 1930, in excluding the plaintiff from any participation in the conduct of the defendant corporation constituted a violation of the copartnership agreement and the plaintiff is entitled to have the copartnership dissolved and to an accounting among these partners.

The question of a proper and equitable dissolution is perplexing, particularly in these abnormal times. The plaintiff, through no fault on his part and through the improper actions of the defendants, finds himself in the position of having a partnership dissolved. There must be an accounting. There should be no sale in this case as it would be practically confiscation to the plaintiff who stands innocent in these transactions to have a judicial sale of the assets of the partnership.

Such power to dispense with a judicial sale is given by the provisions of the Partnership Law, sections 75 and 69. The portions of these sections referring to the procedure to be adopted in this action are clearly remedial in character. They do not impair any contract rights and they fix only the method of procedure.

The court believes that the plaintiff should continue the business until the final accounting between the parties under the same conditions and with the same undertaking that he has given pursuant to the order of this court. The plaintiff should be entitled to all rights of all three partners in the partnership, including the stock in the defendant corporation, provided that he pay to the defendants George B. Hill and Allen Beals in cash the amount of their interest, less any damages that may be found to be due from them to the plaintiff in this matter. In so fixing value the good will of the business should not be considered.

I cannot take the plaintiff's view that an undertaking may be substituted for cash in the payment of the amount of the interests of the two retiring partners. Such a method I do not believe is sanctioned by law nor is it in the interest of justice, because instead of terminating litigation it would only tend to increase it by dissolving this partnership contract and compelling the parties to virtually enter into another contract, namely, this undertaking.

However, if the plaintiff cannot pay this amount in cash the interests of justice still require that he be given the relief afforded by a judicial sale. This matter may be taken up before the referee who will be appointed to take and state the account and report to the court in regard to the respective rights of the parties hereto, together with the method of the disposition of the assets, at which time the plaintiff can make his position known to said referee, who in turn will report to this court in regard thereto.

Settle findings and interlocutory judgment providing for the appointment of such referee and in accordance with the matters as set forth in this opinion.