Weissman, Appellant, *v.* Henkin.

Argued October 28, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*B. D. Oliensis,* for appellant.

*Maurice Pollon,* for appellee.

OPINION BY HIRT, J., December 10, 1943:

Defendant's business, over a period of years, was that of securing subscriptions to a wide variety of trade journals—perhaps as many as 150 different publications. On March 30, 1940, plaintiff bought a one-half interest in the business from defendant at an agreed price of $2,250, and a partnership was formed by them to continue the business under the name of "Trade Journal Service." Each agreed to devote his whole time in the interests of the partnership. Attached to the written agreement is defendant's affidavit that "there are no creditors of the business conducted by" him. On June 26, 1941, plaintiff filed the present bill alleging specific breaches of the partnership agreement, as well as conduct on the part of defendant prejudicial to the business. Plaintiff prayed: For a dissolution of the partnership under the Act of March 26, 1915, P. L. 18,

14

part VI, §32 (c and d), 59 PS 94; for an order requiring defendant to file an account; and for the appointment of a receiver. The court ordered a dissolution but refused to appoint a receiver. The order directed plaintiff to buy defendant's interest in the partnership and to pay him therefor the sum of $2,250, less certain credits for property and funds of the partnership retained by defendant.

The tangible assets of the partnership consist in office furniture and equipment, and about 20,000 cards —records of the business formerly conducted by defendant, which became the property of the partnership —containing the names of prospects and subscribers, with other data. These records were of value in soliciting new subscriptions, and renewals, to trade journals dealt in by the partnership. Defendant under the practice applicable to the business was obliged to deal with representatives of the publishers of the various journals, among them, Martin's Publishers' Service. There was no direct representation of publishers. Martin's Service was the most important of these publishers' representatives and defendant was its agent.

Defendant was chargeable with acts prejudicial to the partnership. In May 1941, because of irregularities in his accounts or returns, and his failure to conform with the terms of his agency agreement, Martin's Service revoked defendant's authority to solicit subscriptions to about 150 publications controlled by it. Defendant's affidavit attached to the partnership agreement, to the effect that he owed no business debts, was false; there were debts, some of them of long standing. Defendant misappropriated, and kept funds of the partnership. These facts were found by the chancellor and confirmed by the court upon sufficient competent evidence; the findings resting upon them have the force and effect of a verdict of a jury. *Weiss v. First Nat. Bk. of Scranton,* 321 Pa. 365, 184 A. 451. When plain-

tiff learned of defendant's peculations and bad faith he removed all of the card records from the office of the partnership. Plaintiff then by his own efforts continued the business, but excluded the defendant from access to these records.

Although defendant in his answer joined in the prayer for the appointment of a receiver the court concluded that "no good could have been done to anybody by [such] appointment." The appointment of a receiver for a dissolved partnership rests in the sound discretion of the court. *Moffett et al. v. Peirce et al.*, 344 Pa. 16, 24 A. 2d 448. But in the present case we think there was an abuse of discretion and reversible error in the refusal of the court to direct the winding up of the affairs of the partnership and the sale of its assets through a receiver or otherwise. "The general rule is, that upon dissolution of a partnership, it is the right of each partner to have the property converted into money by a sale": *Kelley v. Shay*, 206 Pa. 208, 55 A. 925. In 47 C. J., §988, p. 1258, it is stated: "In an action for a partnership dissolution and accounting, unless all the partners, by an honest and lawful agreement, assent to a distribution of the assets in specie, the entire property of the firm should, as a rule, be converted into cash by a sale of the assets, which sale ordinarily should include the good will of the firm ......" Generally, a sale will not be ordered if prejudicial to an innocent partner, (Cf. *Dow v. Beals*, 268 N. Y. S. 425) unless, as here, the innocent partner has consented to the sale.

Grave injustice would be done plaintiff by an affirmance of the order appealed from. Plaintiff paid $2,250 for a one-half interest in the partnership; against this payment, and presumably of equal value, defendant contributed the benefit of his six years experience in the business, together with his accumulated records. Defendant's experience was a valuable asset of the partnership but its worth was depreciated by his acts

in relation to the partnership business and his loss of the Martin's Service agency. The partnership by the agreement dated March 30, 1940, was to continue for three years. And although the agreement fixed the value of the partnership assets at $4,500 for the period of one year ending March 30, 1941, that valuation was agreed upon only for the purpose of amicable dealing between the partners during that period. This agreed valuation related to the voluntary withdrawal of either party and the right of the other, but without obligation, to buy the interest of the retiring partner for $2,250. It was not intended to supply a defaulting partner with the means of benefiting by his own misconduct. Moreover the agreed value of the partnership business prior to March 30, 1941, is no evidence of its worth under changed conditions on August 3, 1942, the date of the court's findings and order.

Plaintiff did not appropriate the business to himself in taking over the working machinery—he was but preserving its assets as a going concern. The chancellor upon ample evidence found that "complainant was justified in taking some action to dissolve the partnership and to protect his interest in the business." There is nothing in his acts which compelled him to become the unwilling purchaser of defendant's interest. Because of disputes between the partners neither should be permitted to liquidate the partnership business. Moreover, plaintiff, the innocent partner, is now in military service and is not in position to wind up the partnership affairs. Cf. §37, 59 PS 99, of the Uniform Partnership Act, supra. This is not a doubtful case. A receiver should be appointed to convert the partnership property into cash under the direction of the court. Since defendant has collected funds belonging to the partnership he should be required to account. Plaintiff also should file an account of the business for the period during which he assumed exclusive charge of it.

The order is reversed and a receiver is directed to be

appointed to convert the partnership assets into cash under the direction of the court; plaintiff and defendant each to file an account; the costs to be paid from the fund for distribution.