107 So.2d 208 (1958)
Edwin G. WIESE and Norma M. Wiese, Appellants,
v.
Elroy G. WIESE, Appellee.
No. 668.
District Court of Appeal of Florida. Second District.
December 12, 1958.
*209 Grimes & Grimes, Clyde C. Goebel, Bradenton, for appellants.
Dye & Dye, Richard A. Hampton, Bradenton, for appellee.
ALLEN, Judge.
This is an appeal from a final decree in a suit to dissolve a partnership. Elroy G. Wiese sued Edwin G. Wiese and wife, Norma M. Wiese, to dissolve the partnership between plaintiff and defendant husband, and for certain other equitable relief. After hearing testimony, the chancellor entered a final decree favorable to plaintiff. Defendants appeal.
Plaintiff and defendant husband entered into an oral partnership agreement whereby defendant was going to furnish certain land and the partners were going to build up a boat basin business located thereon. Each was to get fifty per cent of the profits. After about two years, the partners disagreed and split up, and plaintiff brought the present suit.
Actually, defendants' appeal is directed only to the chancellor's determination of partnership profits and/or assets which the decree divided between the parties. The pertinent portion of the decree read as follows:
"5. It is shown by the evidence that at the time of dissolution plaintiff and defendant were equal partners in all matters except the original contribution of land which the partnership used which was owned by defendant Edwin G. Wiese. The Court therefore finds that at this time plaintiff is entitled to one half the value of improvements made to the said land while he was a partner and to which he or the partnership contributed, and one half the value of the personal property and other assets of the business as of December 16, 1954, on which date the brothers broke off their relationship as partners and did not thereafter continue. From these amounts there shall be deducted the outstanding indebtedness of the partnership for a loan for money which went into said improvements on the land.
"Plaintiff is entitled to recover in money for his interest in the partnership assets and for the value of improvements made to defendant's realty. Based on the testimony of the parties and on the exhibits introduced in evidence the Court finds that on account of their partnership dealings there is now due from the defendant to the plaintiff the sum of $3,883.51 which sum has been arrived at by the Court as follows:

"Docks $1,855.57
"Marine elevator 1,911.46
"Dredging 1,100.00
"Inventory of personal
 property 4,000.00
"Accounts receivable 700.00
 _________
"Total 9,567.03
"Less Mortgage to Palmetto
 Bank 1,800.00
 _________
"Total partnership improvements
 to which plaintiff
 contributed 7,767.03
"One half of which is 3,883.51"

Since defendants do not question the existence of the partnership, we may assume that such relation existed as stated in the chancellor's decree and as further reflected by the record. Basically, it appears that defendants and plaintiff agreed to go into a boat repair and maintenance business together. Defendants were to furnish suitable land, and plaintiff was to share in the labor as well as the management connected with the business. Each partner was to receive one-half of the profits of the business.
*210 Likewise, the defendants do not dispute the power of the court to dissolve the partnership under the facts of this case. On the other hand, we find nothing in the final decree which indicates the dissolution is a result of fault on the part of either partner. The record certainly reflects no such fault but rather shows inability on the part of the parties to get along as business associates.
Under these circumstances, the only problem is how the assets of the partnership may properly be divided. As seen by reference to the above quoted portion of the decree, the chancellor simply placed a value upon the various assets of the partnership, and then required defendants to pay plaintiff one half of such value. The decree also gave plaintiff a lien against defendants' real property to secure such payment.
Before going further into the questions involved on this appeal, it seems proper to emphasize one aspect of the case. Normally, dissolution of a partnership requires an accounting between the partners and a division of accrued profits and remaining assets. Of course, debts of the partnership must first be paid, and any claims by and against each partner in connection with partnership affairs must be settled. That is, the partnership affairs must be wound up and a balance struck. 40 Am.Jur., Partnership § 264.
A study of the decree and record in this case indicates that such "winding up" entailed only a division of assets after payment of one creditor. However, the "assets" were of two kinds, first, personalty and accounts collectible and second, improvements made upon the involved real property, such real property being owned by the defendants and used by the partnership during its existence. Therefore, in considering this appeal, we shall take each type of asset separately since it appears that the manner of division of each is, under applicable law, different.
As we have seen, the chancellor determined the value of all the partnership assets, subtracted an outstanding mortgage, and required defendants to pay plaintiff one half of the balance. As to the first class of assets, the personalty and accounts collectible, we hold the chancellor erred in making such requirement. We must also hold the lower court erred in its determination of the value of such first class of assets.
The decree found that the partnership was dissolved December 16, 1954, "on which date the brothers broke off their relationship as partners." However, the chancellor then determined the value of the personalty as of that date. As mentioned above, there appears to be no fault in this case. Likewise, since plaintiff simply walked out on the partnership and sued for dissolution, defendants did not "appropriate" the business, including such assets. Admittedly, the parties seemed to agree that an inventory of the personalty around the date of dissolution totaled $4000, the value used by the chancellor. Even so, we cannot agree that, under the facts of this case, the defendants should be required to buy plaintiff's half interest in such inventory, this being the effect of the chancellor's decree.
This case is very similar, factually, to Weissman v. Henkin, 1943, 154 Pa.Super. 12, 34 A.2d 907, 909. In that case, the partners were in the trade journal subscription business. When the partnership was formed, plaintiff had purchased a one-half interest for $2,250, and the partners agreed that if either partner voluntarily withdrew, the other could buy his interest for $2,250. Defendant, the original owner of the business, committed certain acts prejudicial to the partnership, and plaintiff removed all records from the partnership files and attempted to carry on the business. Plaintiff then sued for dissolution, accounting and appointment of a receiver. The trial court ordered a dissolution but required plaintiff to buy defendant's half interest *211 in the business for the agreed figure of $2,500. The Superior Court said:
"Although defendant in his answer joined in the prayer for the appointment of a receiver, the court concluded that `no good could have been done to anybody by (such) appointment.' The appointment of a receiver for a dissolved partnership rests in the sound discretion of the court. Moffett v. Peirce, 344 Pa. 16, 24 A.2d 448. But in the present case we think there was an abuse of discretion and reversible error in the refusal of the court to direct the winding up of the affairs of the partnership and the sale of its assets through a receiver or otherwise. `The general rule is that, upon dissolution of a partnership, it is the right of each partner to have the * * * property converted into money by a sale': Kelley v. Shay, 206 Pa. 208, 55 A. 925, 927. In 47 C.J., § 988, p. 1258, it is stated: `In an action for a partnership dissolution and accounting, unless all the partners, by an honest and lawful agreement, assent to a distribution of the assets in specie, the entire property of the firm should, as a rule, be converted into cash by a sale of the assets, which sale ordinarily should include the good will of the firm. * * *' Generally, a sale will not be ordered if prejudicial to an innocent partner (cf. Dow v. Beals, 149 Misc. 631, 268 N.Y.S. 425) unless, as here, the innocent partner has consented to the sale.
* * * * * *
"Plaintiff did not appropriate the business to himself in taking over the working machinery  he was but preserving its assets as a going concern. The chancellor upon ample evidence found that `complainant was justified in taking some action to dissolve the partnership and to protect his interest in the business.' There is nothing in his acts which compelled him to become the unwilling purchaser of defendant's interest. Because of disputes between the partners neither should be permitted to liquidate the partnership business. Moreover, plaintiff, the innocent partner, is now in military service and is not in position to wind up the partnership affairs. Cf. § 37, 59 P.S. § 99, of the Uniform Partnership Act, supra. This is not a doubtful case. A receiver should be appointed to convert the partnership property into cash under the direction of the court. Since defendant has collected funds belonging to the partnership he should be required to account. Plaintiff also should file an account of the business for the period during which he assumed exclusive charge of it."
Also, the comments of the court in Bagg v. Osborn, 1926, 169 Minn. 126, 210 N.W. 862, 863, are helpful. There the court said:
"Defendant loaned plaintiff $37,006.77. The judgment says that he must now accept an interest of the assets of an unsuccessful partnership in payment, must pay the existing mortgage indebtedness, and must also pay plaintiff $4,800 and continue to carry the perils of the investment. This is against his wishes. Does the law under such circumstances permit the imposition of such burdens? We think not. It is the right of each partner to have the property sold and thereby converted into money. Lindley on Part. 657. Such is the mode provided by equity for winding up the affairs of partnership. Moore v. Wheeler, 10 W. Va. 35. Hence, no personal judgment is to be rendered against an individual partner until the assets have been converted into money. (Citations omitted.) In winding up the affairs of a partnership the best method to ascertain the value of the property is to sell it. (Citations omitted.) Undoubtedly in many cases the partners may better serve their own interests. Ordinarily they will do so. But suppose *212 they will not. Then, as in this case, they are to deal with the partnership property according to the prescriptions of law. The rule is founded upon the intrinsic necessity. If the property will not sell at public auction the best test of value will have been adopted, and the concerns of the partnership are speedily closed."
Under the law stated in the above cases, with which we concur, the chancellor should have ordered a sale of the first class of assets and after deducting the costs of such sale, the distribution of any balance. Of course, if, upon further hearing, the chancellor should determine that a distribution in kind, rather than a sale, would be to the parties' advantage, such distribution is permissible under the facts here presented. 68 C.J.S. Partnership § 388. Also, since defendants have apparently had possession of the inventory and books of the partnership since dissolution, they should be required to account for any business transacted with regard to such inventory or accounts collectible at the time of dissolution. Weissman v. Henkin, supra (34 A.2d 909).
Turning now to the second class of partnership assets, the improvements to real property owned by defendants and used by the partnership during its existence, we are faced with a different situation. First, however, we must refer to one error, agreed upon by the parties at the time of oral argument, in the chancellor's valuation of this second class of assets. The improvements described by the evidence were the three listed in the decree  docks, elevator and dredging  plus a sea wall. Plaintiff testified defendant alone paid for the sea wall, so that explains its omission from the decree. However, plaintiff also testified that the partnership paid $700 to $800 on the dredging and defendant paid $400. Therefore, plaintiff was given credit for an improvement paid for entirely by defendants in the amount of $400, and we direct that plaintiff be required, upon the remanding of this case to the lower court, to file a remittitur in the amount of $200.
As might be expected, assets of a partnership may include many types of property or property rights: real property, personal property, good will, patent rights, franchises and many others. Yet in each of these examples, it is relatively easy to see how the partnership is the owner, with the partners having only an interest as reflected by their interest in the partnership as a whole. Strictly speaking, such is not the case where partnership funds have been used to improve real property owned individually by one of the partners.
This difference is well stated in Minikin v. Hendrix, 1940, 15 Cal.2d 338, 101 P.2d 473, 476. There, the Supreme Court of California had the following to say about such improvements:
"`(Quoting from Flint v. Flint, 1917, 87 N.J. Eq. 560, 100 A. 754, 755). The question is, What is the right of the partnership? Is it a right in the property or a right against the property? Is it a right of ownership in the property, or is it in the nature of a lien against the property for the value put into it? I think the latter. What the partnership used was money, personal property. This money was used to purchase personal property. That personal property was put upon real estate, and although its physical nature was not in any wise altered, it became, by virtue of a rule of convenience, real estate, but not I think the real estate of the partnership. By virtue of the relations existing between the parties a duty arose upon the part of the owner of the soil in this case to account to the partnership. The right of the partnership was a right to recover from the owner of the soil, not real estate but personal property, to wit, money. Deveney v. Mahoney, 23 N.J. Eq. 247. Such a right is a chose in action which *213 is personal property. To hold otherwise would result in endless confusion. It is impossible or impracticable, of course, to sell the improvements apart from the soil. It is impossible to actually partition the improvements apart from the soil. * *' (Italics added.) * * *
* * * * * *
"It is the conclusion of this court that the foregoing cases correctly state the law with regard to the situation herein presented. In the instant case it was conceded by the partners that the improvements were purchased with partnership funds and placed on the real property owned by one of the partners; that the latter was compensated by the partnership for the use of the real property; and that no contract was entered into by the partners respecting the disposition to be made of the improvements in the event of dissolution. Under those circumstances the improvements became a partnership asset and, as such, on dissolution of the partnership the nonland owning partner was entitled to his proportionate share of their value."
From the above statement of the law, with which we concur, we conclude that the chancellor properly ordered defendants to pay plaintiff one-half the value of the improvements to defendants' land after deducting from such value the balance due on the mortgage encumbering such land, and properly gave plaintiff a lien on such land to secure such payment. We might add that, from the record, it appears that the mentioned mortgage secured a loan to the partnership, the proceeds of which the partners used to pay for such improvements. This explains why the retirement of the mortgage should not be accomplished solely or in part from the proceeds of the sale of class one partnership assets, above described.
Defendants have attacked the chancellor's valuation of the improvements to their real property, but other than the admitted error above discussed, we hold that such valuation was based upon substantial competent evidence and that the chancellor should, in this regard also, be affirmed.
Defendants have raised other questions which we have given careful consideration. However, we have determined that, except as hereinabove set forth, defendants failed to show reversible error. We therefore remand this cause to the lower court for further proceedings in accordance with this opinion and with instruction to require plaintiff to file a remittur in the amount of $200 as to his interest in the value of the improvements to defendants' real property.
Affirmed in part, reversed in part and remanded for further proceedings with instructions.
KANNER, C.J., and SHANNON, J., concur.