PEARSON, Judge.
The plaintiff in an action for a dissolution of a partnership appeals- from a final decree which awarded the partnership assets to the defendants and directed that the defendants pay to the plaintiff a certain sum of money representing the plaintiff’s share of the business. The plaintiff assigns error in that the decree, by the award of the assets to one partner favored the defendants over the plaintiff, despite a finding that the equities were with the plaintiff. The decree must be reversed upon authority of Wiese v. Wiese, Fla.App.19S8, 107 So.2d 208, 211.
The paragraph of the decree containing the award of the assets is as follows:
“2. That the Defendants herein pay unto the Plaintiff, Leo Obel, the sum of $5,348.61, representing the Plaintiff Obel’s proper share of the business as *893 of January 17, 1959, together with interest payable at the rate of 6% per an-num from January 17, 1959 to date of payment of same.”
In Wiese v. Wiese, supra, the chancellor placed a value upon the assets of a partnership and then required defendants to pay plaintiff one half of such value. The decree also gave plaintiff a lien against defendants’ real property to secure such payment. The District Court of Appeal stated “ ‘The general rule is that, upon dissolution of a partnership, it is the right of each [of the partners] to have the [partnership] property converted into money by a sale’: Kelley v. Shay, 206 Pa. 208, 55 A. 925, 927.”
In the Wiese opinion the court held that if, under the circumstances of that case, the chancellor should determine that a distribution in kind rather than a sale would be to the parties’ advantage, such distribution was permissible. 68 C.J.S. Partnership § 388. Under the law as enunciated in that opinion it was error for the chancellor in this cause to determine that one partner should remain the owner of the partnership assets and give to the other partner only a judgment for his interest in the partnership business.
In addition to appellant’s objections to the inadequacy of the relief afforded him upon his complaint for dissolution of the partnership, he has assigned certain procedural rulings as error. After the chancellor determined in an interlocutory decree that the plaintiff was entitled to the relief prayed, he ordered:
“2. This cause is referred to the Honorable William F. Jureit, Jr., Certified Public Accountant, 300 Ponce de Leon Boulevard, Coral Gables, Florida, as Special Master or Commissioner to audit the books of record and account of the business known as Southeastern Pool Equipment Co. and determine and prepare a balance sheet and statement of said company as of January 17, 1959, showing the entire value of said business with its assets and liabilities and determine the value of the one-half interest in said business as of said date held by the Plaintiff, Leo Obel. Report is to be made to the Court when such accounting has been completed. Both parties are ordered to cooperate with said Special Master and produce at his request all books, records and accounts of said business in order that proper accounting can be made.”
This order was made pursuant to Rule 3.14(b), Florida Rules of Civil Procedure, 31 F.S.A., which provides as follows:
“(b) Special Masters. The court may appoint for any particular service required by it, from among the members of the Bar of Florida special masters in chancery who shall be governed by all the provisions of law and rules of court relating to masters in chancery, general and special, except that they shall not be required to make oath or give bond unless required by the court. In all cases upon a proper showing to the court that such appointment is advisable in the particular case, a person other than a member of the bar may be appointed as special master.”
The appellant at that time made no objection to the form of this order of reference. Later he filed extensive exceptions to the report of the special master and upon this appeal has designated the following points involved:
“A. The special master did not call or notify any of the parties or hold any hearings and failed to take any testimony or allow testimony to be taken;
“B. That the special master based his report upon books and records which were not identified, offered or received in evidence or made a part of his report;
“C. That the special master based his report in part upon unsworn information furnished to him from an unknown source.
*894 “D. That the special master did not consider the good will of the partnership or the market value of its assets in reaching his conclusions.”
It is apparent from an examination of the record that the special master did not proceed under subsection (f) of Rule 3.14, which provides that it shall be the duty of the master to assign a time and place for proceedings, and to give notice to each of the parties. But we do not find that the appellant is in position to assign as error this failure on the part of the special master inasmuch as appellant did not avail himself of the further provisions of subsection (h) of the same rule, which reads as follows :
“(h) Form of Accounts. All parties accounting before a master shall bring in their respective accounts in form of debtor and creditor; and any of the other parties who shall not be satisfied with the account so brought in shall be at liberty to examine the accounting party orally, or upon interrogatories, or by depositions, as the master shall direct.”
The order of reference did not direct the taking of testimony and because the appellant did not object to the form of the reference nor avail himself of the proceedings provided by the rules, he cannot now be heard to object to a proceeding in which the special master limited his activity to an examination of the books and records which were presented to him.
The objection of the appellant directed to the failure of the special master to consider the good will of the partnership appears, from an examination of the special master’s report, to be well taken. In this connection the Wiese case, supra, 107 So.2d at page 212, contains the following statement: “As might be expected, the assets of a partnership may include many types of property, or property rights: real property, personal property, good will, patent rights, franchises and many others.” Upon further proceedings in this cause the good will, if any, of the partnership should be recognized as an asset of the partnership and taken into consideration in any sale of assets which may be ordered.
Accordingly the final decree is affirmed in part and reversed in part and the cause remanded for further proceedings not inconsistent with this opinion.
Affirmed in part, reversed in part and remanded.
HORTON, C. J., and CARROLL, CHAS., J., concur.