PER CURIAM.
Appellants, Novak, plaintiffs below, appeal from a “final judgment” rendered in the Circuit Court of Dade County, Florida.
The trial court had entered its final decree requiring that a full accounting be had on all the monies paid by the plaintiffs to the defendants * * * and all monies, rents, revenues, assets and income and liabilities of the defendants’ operation of the Coral Seas Motel * * * The final decree referred the cause to a special master wherein the court directed the parties to make available to the special master “all books and records and to submit to such oral examination as may be determined by him to be meet and proper * * *”
No objection was made by either party to the entry of the aforesaid order. The special master was provided with the necessary books and records and thereafter filed his report.
Both parties filed objections to the special masters’ original report. The masters’ report was based solely upon an audit of the books and records made by an account *856 ant and certain documentary evidence submitted on behalf of the parties. The special master made the following recommendation which is the subject matter of dispute between the parties on this appeal. “In regard to Part III of Supplemental Exhibit ‘B’, it would appear that depreciation should be charged against the defendant [O’Donnell], Since no figures were submitted, the rather arbitrary figure of $16,000 is recommended.”
It is admitted by all parties that the parties never appeared before the special master; that he had not set a time, date or place for hearing and that no hearing or testimony of any kind was held prior to the filing of the special master report. The plaintiffs, Novak, filed a motion to recommit the matter to the special master for further testimony.
A hearing was held on the exceptions to the special masters’ report and the trial court entered its final judgment confirming and ratifying the report, with the exception that the $16,000 charge against the appellee for depreciation was disallowed because it was an arbitrary figure unsupported by competent evidence or testimony. The appellants argue that the trial court committed reversible error in not referring the cause back to the special master for the purpose of taking testimony on the issue of whether depreciation should have been allowed and if so, the correct amount. They assert that the trial judge violated Rule 1.490(b), R.C.P., 30 F.S.A., which provides, generally, that special masters shall be governed by the provisions of law and rules relating to masters in chancery; and that special masters are mandatorily required under Rule 1.490(f) to assign a time and place for a hearing between the parties. The appellee asserts that under the authority of Obel v. Henshaw, Fla.App.1961, 130 So.2d 892, the court did not commit reversible error. The order of reference in Henshaw provided “Both parties are ordered to cooperate with said Special Master and produce at his request all books, records and accounting of said business in order that proper accounting can be made.” In Henshaw, it was stated:
(t * í¡í ;}c * sji *
“The order of reference did not direct the taking of testimony and because the appellant did not object to the form of the reference nor avail himself of the proceedings provided by the rules, he cannot now be heard to object to a proceeding in which the special master limited his activity to an examination of the books and records which were presented to him.
* * He * * * »
It appears that the order of reference to a special master in the case sub judice did direct the parties to submit to such oral examination as might be required by the special master. This distinguishes the case sub judice from Henshaw, supra.
Here, the special master originally considered the question of depreciation as a proper element to be considered in arriving at a “full accounting between the parties”, as he allowed $16,000 for depreciation in his original special masters’ report. This was stricken from the report by the trial judge inasmuch as the amount apparently was not based upon proper testimony or evidence. The special master, after the rendition of the final decree, advised the court that he would hear testimony in this cause if the trial court deemed it necessary.
It appears, therefore, that in order that a full accounting be had between the parties, it is necessary for the amount of depreciation, if any, to be determined after proper testimony and evidence has been taken in this regard.
This opinion should not be construed to determine that under any and all circumstances, in every cause or action, a special master is mandatorily required to take testimony or evidence.
It does appear, however, that when the trial court has ordered a full accounting where the subject matter of the *857 accounting is depreciable property, the amount of depreciation, if any, should be determined in order that justice and equity be done between the parties. We believe that the trial court abused its discretion in not resubmitting this matter to the special master for the purpose of hearing testimony and evidence concerning the question of the amount of depreciation to be charged, if any, and permitting a determination of this issue based upon proper testimony and evidence. For the above and foregoing reasons the final decree herein appealed be and the same is hereby reversed and this cause is remanded to the trial court with directions to resubmit the same to the special master for the sole and specific purpose of determining the question of whether or not depreciation should be allowed and if so, the proper amount thereof.
It is so Ordered.