PER CURIAM.
Appellant brings these consolidated appeals from an order styled “Order Appointing Receiver and Partial Final Judgment” entered by the trial court sitting nonjury. In its order, the trial court found, among other things, that three partnership entitles existed between the parties as follows:
(1) between appellee Gordon Albury, Jr., and appellant O. K. Houstoun, Jr., from September, 1962, to January 1, 1965;
(2) between Albury, Houstoun, and ap-pellee Gail B. Baldwin from January 1, 1965, to June 30, 1968; and
(3) between Houstoun and Albury from July 1, 1968, to September 30, 1968.
The trial court ordered that the 1968 partnership should be dissolved and that whatever assets remained in existence in 1975 from the partnership should be taken into custody by a receiver. The trial court also ordered that the parties file a plan of distribution in kind or a plan for sale, but the order did not mention the need for a full final accounting or the payment of the debts of the partnership.
In the same order, the trial court also entered a judgment in favor of appellee Albury and against appellant for the fair market value of certain shares of stock which the trial court found had been acquired, in appellant’s name, by him and appellee Albury during the first partnership. This stock was sold by appellant after the termination of all the partnerships to pay a partnership debt. Further, all costs of the proceedings were taxed against appellant.
Because portions of the order were both interlocutory and final, appropriate appeals were filed by appellant and subsequently consolidated for all appellate purposes by this court.
Among the several points raised by appellant on appeal are two which we feel require some discussion. The first of these pertains to the basic question of whether or not the trial court properly found that the partnerships, as set forth above, existed. The Florida courts have been called upon on numerous occasions to determine whether or not, under the facts of a particular case, a partnership exists. See, e. g., 24 Fla.Jur., Partnerships §§23 through 32 and the cases cited therein. It is unnecessary for us to itemize these tests or indicia of partnership.
*221 We have carefully reviewed the record in the instant case and, based upon the principles set forth above, have concluded that the trial court properly determined that the partnerships existed.
The second point which requires discussion is whether or not the trial court in the action for dissolution and accounting, after finding that the partnerships existed, properly proceeded to order a full final accounting and to provide for the payment of the debts of the partnerships. Again, after a careful review of the record and the appellate proceedings in this case, we have concluded that the trial court prematurely entered its order appointing a receiver and entering a partial final judgment. See Wiese v. Wiese, 107 So.2d 208 (Fla.2d DCA 1958); Section 620.755, Florida Statutes (1975); and 24 Fla.Jur., Partnerships §§ 165 through 169. Prior to entering the order, the trial court should have required a full and final accounting of the partnerships’ affairs. Therefore, the cause is remanded to the trial court for a full and final accounting and for such other action which is not inconsistent with this opinion. Further, in light of the above determinations, we feel that it is unnecessary for us to discuss at this time the other points raised on appeal by appellant.
Our decisions, as stated above, were based upon a consideration of the record, all points in the briefs and arguments of counsel in the light of the prevailing principles of law.
Affirmed in part, reversed in part, and remanded with directions.